### EX PARTE J. H. TALBUTT.

No. 1580.   Decided March 2, 1898.

**1.   Appeal in Habeas Corpus—Defendant Must Remain in Custody.**

A party who has resorted to a writ of habeas corpus, and who, when remanded upon the hearing to custody, appeals to the Court of Criminal Appeals, must be placed in confinement and remain in custody to give jurisdiction to the court on appeal.   He can not enter into recognizance or deposit a sum of money for his appearance to abide the judgment of the court on his appeal.

**2.   Habeas Corpus Only Available When.**

The writ of habeas corpus can not apply, attach, or be resorted to except when the party to be affected by it is in illegal restraint.

APPEAL from the County Court of Grayson.   Tried below before Hon. J. H. WOOD, County Judge.

On January 29, 1898, complaint and information in regular form were filed in the County Court of Grayson County, Texas, charging appellant with pursuing the occupation of a canvasser for the sale of lightning rods without paying the tax on said occupation under the provisions of article 112, Penal Code.   The offense was alleged to have been committed January 27, 1898.   A capias was issued and served the same day. Appellant on the same day filed his petition for habeas corpus in the County Court and assailed subdivision 35 of article 5049 of the Revised Statutes of Texas, as amended in chapter 18 of the Acts of the First Called Session of the Twenty-fifth Legislature, it being the law that levies the tax on appellant's business, on the ground that in so far as the same affects appellant's business it is violative of the interstate commerce clause of the Federal Constitution, and is inoperative and void.   The county judge ordered the writ issued, and upon the return of the same heard the evidence, and on the same day remanded the appellant to the custody of the sheriff.   Appellant gave notice of appeal, assigned error, and brings the cause to this court for review.

The Assistant Attorney-General made a motion to dismiss the appeal because the applicant was not in custody; and in support of the motion filed a letter from the county attorney to the effect that the defendant was at large, the sheriff having taken a deposit of money to protect himself.

*Hazlewood & Smith,* for relator.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for respondent.

DAVIDSON, JUDGE.—Appellant sued out a writ of habeas corpus in the court below, and upon a hearing thereof was remanded to custody, and appeals.

The record fails to show affirmatively that he is in confinement pending said appeal, and it is suggested to this court that he has not been in confinement pending said appeal, but that when the appeal was taken he deposited a sum of money with the clerk in lieu of going to jail. Where a party resorts to the writ of habeas corpus, and is remanded to custody, upon the hearing he must be placed in confinement in order for the jurisdiction of this court to attach to his appeal. He can not enter into a recognizance or deposit a sum of money for his appearance to abide the judgment of this court. He must be in custody, so that the mandate of this court will be operative upon him when issued. See Ex Parte Erwin, 7 Texas Crim. App., 288; Ex Parte Cole, 14 Texas Crim. App., 579. The writ of habeas corpus can not apply or attach or be resorted to except when the party to be affected by it is in illegal restraint. The motion of the Assistant Attorney-General to dismiss this appeal is sustained, and the appeal is therefore dismissed.

*Dismissed.*