### E. D. LEEPER ET AL. v. JOSEPH J. O'DONOHUE ET AL.

Delivered March 5, 1898.

**1. Execution Sale—Notice.**

The defendant in execution must be served with notice of sale of land thereunder within twenty days before the sale day, and failure to give such notice twenty days before sale makes the sale irregular, under Revised Statutes, article 2366, requiring the time and place of sale to be publicly advertised for at least twenty days before the sale day by posting up notices and by delivering to the defendant in execution one copy of the notice.

**2. Same—Inadequacy of Price.**

A sale of real property under execution to the execution creditor will be set aside where it sold for only two-fifths of its cash market value, and the sale was irregular because the notice of sale was served upon the execution debtor less than twenty days before the sale day, although the defendant announced at the sale that, because of such irregularity, he would move to set the sale aside, and the bidding was affected by such announcement.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*S. A. Gilbert,* for appellants.

*Moseley & Smith,* for appellee.

FINLEY, CHIEF JUSTICE.—This suit is an appeal from the judgment of the District Court overruling a motion to set aside a sheriff's sale, and the facts are as follows:

On February 9, 1897, in the cause of Joseph J. O'Donohue, plaintiff, against E. D. Leeper and Thomas Boldrick, defendants, judgment was rendered in favor of plaintiff against defendants for $33,456, with foreclosure of a mortgage lien on lots 17 and 18, block 48, original town plat of Denison, Grayson County, Texas, the property of defendants, being on one of the principal business corners of Denison, with a five-story brick house upon it, and used as a hardware store; and by agreement of the parties it was provided in the judgment that the property was not to be sold before the first Tuesday in May, 1897. An order of sale under the judgment was issued, and the sheriff sold the property under the order on May 4, 1897, and it was bid in by Joseph J. O'Donohue, Jr., and Thomas J. O'Donohue, appellees, to whom the judgment had been assigned, for $5000, they being the only bidders, which sale was on May 11, 1897, on motion of defendants Leeper and Boldrick, appellants herein, set aside by the court.

After said motion had been submitted and before judgment therein, a proposition of settlement was made, which the attorneys for the appellants herein, Joseph J., Jr., and Thomas J. O'Donohue, who live in New York, agreed to submit to their clients by wire, stating at the time, in the presence of Leeper and Boldrick and their attorney, then present in court, that if the proposition was not accepted by their clients they proposed to have the sheriff advertise and sell the property on the next sale day, the first Tuesday in June. The next day, the proposition being rejected, the sale was set aside and the sheriff attempted to advertise the property for sale on the first Tuesday in June. He posted the notices, mailed a copy thereof to the attorney of the defendants, and attempted to deliver copies of the notices to the defendants Leeper and Boldrick, who then resided at Denison, Grayson County, Texas, but they were absent and the copies were not delivered to them till May 13, 1897, only eighteen days before the day of sale, which was June 1st.

On the last Friday before the day of sale, the attorney for Leeper and Boldrick notified the sheriff that said defendants protested against a sale on the day set, because he had not legally advertised the same, having failed to deliver copies of the notice to defendants twenty days before date of sale, as required by law. The sheriff thereupon informed Moseley & Smith, the attorneys of said Joseph J., Jr., and Thomas J. O'Donohue, of the protest of the defendants, and of the fact that the copies of the notice of sale were not delivered to the defendants till May 13, 1897, less than twenty days before the day of sale, whereupon said attorneys insisted upon his making the sale as advertised.

On the first day of June the sheriff sold the property, and Moseley & Smith, attorneys for appellees, bid it in for their said clients, they being the only bidders, at $10,000. Before the property was sold, S. A. Gilbert, attorney for defendants in the execution, announced to those present at the sale that defendants objected to the sale because the advertisement thereof was defective, as copies of the notices of sale had not been delivered to them twenty days before the day of sale as the law required, and that defendants would move to set aside the sale on that ground. On the same day of the sale defendants Leeper and Boldrick filed their motion to set aside the sale on the grounds, (1) that the price at which the property had been sold was grossly inadequate; (2) that the officer had not properly advertised the property, his advertisement being irregular and defective in that copies of the notice of sale had not been delivered to defendants twenty days before the day of sale as the law required.

To this motion appellees answered, admitting that copies of the notice had not been delivered to defendants twenty days before the day of sale, and setting up that such delivery of notices was not necessary, because the court in its order setting aside the former sale had ordered the property to be resold, and that was sufficient notice to defendants that the property would be resold on the first Tuesday in June; and that the agreement embodied in the judgment of foreclosure, that the property was not to be sold before the first Tuesday in May, 1897; and that if the property did not bring a greater price, the same was directly due to the wrongful act of the defendants themselves in warning people that the sale would be contested; and that the price was as much as the property could be expected to bring at any forced sale.

On June 15, 1897, the motion to set aside the sale was overruled, to which judgment the appellants then and there excepted, and in open court gave notice of appeal, and have duly perfected their appeal to this court.

*Opinion.*—1. It was admitted upon the trial that notice of the sale was not given to the defendants twenty days before the day of sale, the notice being given eighteen days before sale day. This fact was made known to the attorneys of appellees, and they were informed that the defendants in execution protested against the sale being made under this notice, but said attorneys insisted that the sale should be made. Article 2366, Revised Statutes, requires that "the time and place of making sale of real estate in execution shall be publicly advertised by the officer for at least twenty days successively next before the day of sale by posting up written or printed notices thereof at three public places in the county, one of which shall be at the door of the courthouse of the county, and by delivering to the defendant in execution one copy of said notice of sale, whenever he resides in the county where the land is situated."

We think it quite clear that it was the intention of the Legislature that the defendant in execution should be served with such notices of

sale twenty days before the sale day, and that a failure to give such notice twenty days before the sale was a departure from the requirements of the statute, and constituted the sale irregular.

2. The property was bought in by the owners of the judgment for the sum of $10,000, while the evidence showed, and the court found the fact to be, that the fair cash market value of the property was the sum of $25,000. The property was therefore bid in at two-fifths of its cash market value by the plaintiffs in execution, who had full notice of the irregularity of the sale.

Inadequacy of price alone is usually held an insufficient reason for setting aside a sale under execution. But where the price paid is greatly disproportioned to the value of the property sold, and there is shown to have been irregularities in the sale, the sale should be set aside upon motion timely made. Chamblee v. Tarbox, 27 Texas, 140; Allen v. Stephens, 18 Texas, 658; Taul v. Wright, 45 Texas, 394; Atchison v. Owen, 58 Texas, 616; Jones v. Pratt, 77 Texas, 211.

The fact that the attorney of the defendants in execution gave notice at the sale of the irregularity, and that he would move to set aside the sale upon that ground, should not forfeit the defendants' rights in this proceeding. This notice served to protect them against innocent bidders without notice of the irregularities in the sale, and it was entirely proper that the notice should have been given.

We are of the opinion that the inadequacy of the price at which the property was bid in, coupled with the failure to give twenty days' notice of the sale to the defendants, was sufficient to require that the sale should be vacated. There are no controverted facts in the case, and we will here render the decree which should have been rendered in the court below.

The judgment of the court below is reversed, and here rendered vacating and setting aside the sheriff's sale of the property involved herein.

*Reversed and rendered.*

Writ of error denied.