EX PARTE WILLIAM SNYDER.

No. 1643. Decided March 26, 1898.

**Habeas Corpus—Relator Must Be in Custody Pending Appeal.**

Unless the record on appeal in a habeas corpus proceeding shows affirmatively that the relator is in custody in jail, the appeal will be dismissed.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS, County Judge.

Appeal from a judgment, in a habeas corpus proceeding, remanding relator to custody.

The opinion states the case.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State, moved to dismiss the appeal because the record did not show that relator was in custody.

[No brief for relator.]

DAVIDSON, JUDGE.—Relator was convicted in the city court of Cleburne, under an ordinance of that city, for being drunk in a public place. He applied for and obtained a writ of habeas corpus from the county judge of Johnson County, who, upon the hearing of said writ, remanded him to custody, and this appeal is prosecuted from said order.

Motion is made by the Assistant Attorney-General to dismiss the appeal because the record does not show the relator to be in custody. Before a party can resort to the writ of habeas corpus, he must be confined in jail or restrained of his liberty, and, where he has been remanded upon the hearing of the writ to the custody of the officer, the fact that he is in confinement must affirmatively appear of record in this court. This is not shown by this record, and we have in addition some evidence in the form of an affidavit that said relator is at large. It has been called to our attention several times recently on appeal, in cases of this character, that the parties were not confined in jail pending their appeal. This is a fraud, or an attempted fraud, upon the jurisdiction of this court, and may call for stringent measures or action on our part. We do not understand how the writ of habeas corpus can be resorted to where the party is not restrained of his liberty, and, if restrained in the first instance, why officers permit such parties to go at large in disobedience to the orders of the remanding court. Nor do we understand why it is that attorneys will prosecute appeals from judgments of this character when their clients are not confined in jail or restrained of their liberty. The motion to dismiss the appeal is sustained, and the appeal is accordingly dismissed.

*Appeal dismissed.*