### Ex Parte Jim Tyer.

#### No. 1027.   Decided January 25, 1910.

**Habeas Corpus—Custody—Practice on Appeal—Jurisdiction.**

It has long been settled by this court that pending an appeal in a habeas corpus case the relator must remain in custody, and if he is not in custody the court will not entertain his appeal. Following Ex Parte Snyder, 39 Texas Crim. Rep., 120, and other cases.

Appeal from the County Court of Shelby. Tried below before the Honorable J. M. Sanders.

Appeal from a habeas corpus proceeding asking release from arrest under a capias pro fine from a Justice Court.

The opinion states the case.

*Stephenson & Stephenson,* for relator.—Upon question of jurisdiction of appeal: Buckner v. State, 52 Texas Crim. Rep., 271, 106 S. W. Rep., 363; Cross v. State, 101 S. W., 213; Parks v. State, 79 S. W. Rep., 301; Snodgrass v. State, 43 Texas Crim. Rep., 359, 65 S. W. Rep., 1061; Ex parte Winford, 85 S. W. Rep., 1146.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—The appellant was convicted on June 27, 1910, of a misdemeanor before a Justice Court and fined $10. He had several complaints about the insufficiency of the complaint against him. He attempted to appeal from the Justice Court but failed to present his bond until after the ten days from the overruling of the motion for new trial had expired. He then attempted to secure a certiorari or mandamus from the County Court to get the case from

the Justice into the County Court, and failed. He was then arrested on a capias pro fine from the Justice Court, and sued out and was granted a writ of habeas corpus in the County Court. Upon a full hearing in the County Court he was remanded to the custody of the officer. From this last order this appeal is taken.

The Assistant Attorney-General has joined the county attorney of Shelby County in a motion to dismiss on the ground that the appellant has at no time since the habeas corpus was heard been in the custody of any one, but has been entirely free from any restraint. This is made to appear to us by the affidavits of the justice of the peace before whom he was originally tried, the constable of the precinct and the deputy constable who originally had him arrested under the capias pro fine. This is also substantially shown by relator's resistance of this motion. It has been too long settled by this court that pending the appeal in a habeas corpus case the relator must remain in custody, and if he be not in custody the court will not entertain his appeal. He is not entitled to go at large on bail or otherwise. Ex parte Snyder, 39 Texas Crim. Rep., 120; Ex parte Talbutt, 39 Texas Crim. Rep., 12; Ex parte Branch, 36 Texas Crim. Rep., 384. Many other cases might be cited but we deem it unnecessary.

We desire to call the attention of the officers to what was said by this court in the Snyder case and also in the Branch case above.

The motion is granted and the appeal is dismissed.

*Dismissed.*