EX PARTE HUBERT STEPHENSON.

No. 1366. Decided October 11, 1911.

**Habeas Corpus—Bond—Custody.**

Pending an appeal on habeas corpus the relator must remain in custody, and where relator filed an appeal bond, his appeal must be dismissed. Following ex parte Branch, 36 Texas Crim. Rep., 384, and other cases.

Appeal from the County Court of Concho. Tried below before the Hon. C. F. Cottrell.

Appeal from a writ of habeas corpus asking release from commitment under a capias pro fine.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case it appears that relator was tried in the Justice Court of Precinct No. 2, Concho County, on a misdemeanor charge, and adjudged guilty. He gave notice of appeal to the County Court, but for some reason the appeal was not perfected in accordance with the provisions of law, and on motion the county judge entered an order dismissing the appeal. The Justice Court then issued a capias pro fine for the amount of fine and costs. Relator then sued out a writ of habeas corpus. The county judge, upon a hearing, remanded relator, from which judgment he gave notice of appeal to this court.

It appears from the record, that at the time the county judge entered judgment remanding the relator, at the instance of relator he fixed his bond on appeal in the sum of one hundred dollars, and relator filed an appeal bond. This was without warrant or authority in law. Pending appeal on habeas corpus the relator must remain in custody and if he is not in custody, this court will not entertain the appeal.

Ex parte Branch, 36 Texas Crim. Rep., 384; Ex parte Talbutt, 39 Texas Crim. Rep., 12; Ex parte Snyder, 39 Texas Crim. Rep., 120; Ex parte Cole, 14 Texas Crim. App., 579.

The appeal is dismissed.

*Dismissed.*

Davidson, Presiding Judge, absent.