## EX PARTE GEORGE PARVIN.

No. 1328.   Decided November 1, 1911.

**Habeas Corpus—Custody.**

Where relator appealed from a judgment remanding him to custody and gave a recognizance and was not in custody, the appeal must be dismissed.

Appeal from the District Court of Callahan.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a habeas corpus proceeding remanding relator to custody.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Relator sued out a writ of habeas corpus before Hon. Thomas L. Blanton, judge of the District Court of Callahan County, asking to be released from what he charged to be an illegal arrest. Upon hearing the application, relator was remanded to the custody of the sheriff, when he gave notice of appeal to this court. The judge fixed his recognizance on appeal in the sum of $1,000, which recognizance relator entered into with sureties.

The Assistant Attorney-General has filed a motion to dismiss this appeal on the ground that pending appeal in habeas corpus cases the relator must remain in custody, and if he is not in custody, this court will not entertain the appeal. This question has been frequently passed on by this court. See Ex parte Branch, 36 Texas Crim. Rep., 384; Ex parte Talbutt, 39 Texas Crim. Rep., 12; Ex parte Snyder, 39 Texas Crim. Rep., 120; Ex parte Cole, 14 Texas Crim. App., 579. It is expressly held in the case of Ex parte Talbutt, supra, that relator can not enter into a recognizance, and if he does do so, the jurisdiction of this court does not attach.

The motion is sustained and the appeal is dismissed.

*Dismissed.*