## EX PARTE J. S. CRUMPTON.

### No. 3138.    Decided June 3, 1914.

**Contempt—Habeas Corpus—Appeal—Jurisdiction.**

Where defendant was fined for contempt of court, and thereupon taken into custody and then applied for a writ of habeas corpus which was granted and made returnable to another judge in another district, who upon motion of respondent, quashed and dismissed the writ and remanded appellant to custody under the original commitment, no appeal lies to this court. Following Ex parte Parvin, 63 Texas Crim. Rep., 512, and other cases.

Appeal from the District Court of Bowie. Tried below before the Hon. W. T. Armistead.

Appeal from a habeas corpus proceeding quashing and dismissing writ.

The opinion states the case.

*L. C. Boswell* and *Mahaffey, Thomas & Hughes,* for relator.—Cited Ex parte Kearby, 35 Texas Crim. Rep., 634; Ex parte Strong, 34 id., 309; State v. Sparks, 27 Texas, 705.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited Ex parte Thomas, 61 Texas Crim. Rep., 573, and cases cited in opinion.

PRENDERGAST, PRESIDING JUDGE.—On January 2, 1914, Judge O'Neal, judge of the Fifth Judicial District of Texas, fined said Crumpton $5 for contempt of court. The proper order to that effect was duly and legally entered in the minutes of the court. Based thereon the proper writ was issued to the sheriff commanding him to take possession of Mr. Crump and keep him in custody to collect the fine. The sheriff duly executed the writ and took Mr. Crumpton in custody and held him in restraint. Thereupon Mr. Crumpton applied to Judge Denton, judge of the Sixth Judicial District, for a writ of habeas corpus. Judge Denton granted the writ, made it returnable and to be heard before Judge Armistead, judge of the Special Fifth Judicial District of Texas for Bowie County. When the matter came on to be heard before Judge Armistead, upon the sheriff's, the respondent's, motion to quash and dismiss the court quashed and dismissed the writ of habeas corpus and remanded Mr. Crumpton to the custody of the sheriff in accordance with the original order and commitment of Judge O'Neal. Mr. Crumpton excepted to Judge Armistead's action, gave notice of appeal to this court and entered into a recognizance and thereupon was discharged and is at liberty and has been so ever since. .

Under these circumstances the Assistant Attorney General moves the court to dismiss this attempted appeal because this court has no jurisdiction thereof, and his motion must be granted under the uniform decisions. Ex parte Parvin, 63 Texas Crim. Rep., 512, and cases there cited; Ex parte Eldridge, 72 Texas Crim. Rep., 528, 162 S. W. Rep., 1149. The case is, therefore, dismissed.

*Dismissed.*