## EX PARTE R. R. RICHIE.

### No. 3509. Decided May 12, 1915.

#### Rehearing denied June 9, 1915.

**1.—Habeas Corpus—Misdemeanor—Appeal Bond—Jurisdiction.**

Where relator was convicted of a misdemeanor in the County Court, was released, and afterwards rearrested, and sued out a writ of habeas corpus in the District Court and was remanded to custody, he could not be released pending his appeal by entering into a recognizance or appeal bond. Following Snyder v. State, 39 Texas Crim. Rep., 120, and other cases.

**2.—Same—Statement of Facts—Delay.**

Where the alleged statement of facts was not filed in the trial court until something over one hundred days after adjournment, and there was no showing that this delay arose from no fault of the relator, the same can not be considered.

Appeal from the District Court of Hunt. Tried below before the Hon. Wm. Pierson.

Appeal from a habeas corpus proceeding denying relator a discharge from a misdemeanor conviction of which the penalty was $100 and thirty days confinement in the county jail.

The opinion states the case.

*T. B. Ridgell,* for appellant.

*C. C. McDonald,* Assistant Attorney General, and *Thomas W. Thompson,* County Attorney, for the State.—On question of want of jurisdiction: Talbutt v. State, 39 Texas Crim. Rep., 12, and cases cited in opinion.

On question of statement of facts: Wyatt v. State, 29 Texas Crim. App., 398.

DAVIDSON, JUDGE.—Relator was convicted in the County Court, his punishment being assessed at a fine of $100 and imprisonment in the county jail for thirty days. This occurred in February, 1914. Subsequently he was placed in jail and served part of his imprisonment, and

was then permitted to go home for the purpose of attending to his crop for fear of loss of his crop and also on account of sickness in his family. Later the sheriff arrested him and placed relator in jail to finish out the thirty days imprisonment. A writ of habeas corpus was resorted to and he was remanded to custody. This judgment was rendered in the District Court on November 23, 1914. Relator gave an appeal bond pending his appeal to this court and on the appeal bond supposedly was discharged from custody pending appeal. In habeas corpus cases similar to this the relator can not be released from custody pending his appeal by entering into a recognizance or appeal bond. Snyder v. State, 39 Texas Crim. Rep., 120; Talbutt v. State, 39 Texas Crim. Rep., 12. Again, if the jurisdiction of this court had attached, still we could not revise the action of the court intelligently because the statement of facts was not filed until something over one hundred days after adjournment of court. This comes too late. There is no showing made that the failure to get the statement of facts arose from no fault of the relator. The court adjourned on 28th of November, 1914, and the statement of facts was approved and filed on March 18, 1915. In case we could entertain jurisdiction of the appeal, still we could not revise the action of the trial court for want of statement of facts.

The appeal will therefore be dismissed

*Dismissed.*

[Rehearing denied June 9, 1915.—Reporter.]