EX PARTE LOUIS HENGY.

No. 3742. Decided October 27, 1915.

City Charter and Ordinances—Junk Dealer—License—Appeal—Jurisdiction—Custody.

Where relator in habeas corpus was remanded to the custody of the officer, by the trial court, and appealed to this court, and at once entered into a recognizance, and was discharged from actual custody by virtue thereof, this court has no jurisdiction. Following Ex parte Snyder, 39 Texas Crim. Rep., 120, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a habeas corpus proceeding, remanding relator to the custody of the officer for violation of a city ordinance, under warrant of arrest.

The opinion states the case.

No brief on file for relator.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was arrested on a proper warrant issued on a complaint against him from the Corporation Court of the City of Dallas, and was held in custody by the chief of police of the city thereunder. He sued out before one of the district judges of Dallas a writ of habeas corpus seeking his discharge from said arrest and imprisonment. The judge heard the case and all the evidence and remanded him to the custody of the officer holding him. He thereupon appealed from the judge's order to this court and at once entered into a recognizance and was discharged from actual custody by virtue thereof.

Under such circumstances it has uniformly been held by this court that it has no jurisdiction to hear and determine any such cause. The giving bond or recognizance and discharge thereunder prevents this court from acting on the appeal. Ex parte Snyder, 39 Texas Crim. Rep., 120; Talbutt, id., 12; Ex parte Richie, 77 Texas Crim. Rep., 71, 177 S. W. Rep., 85; Ex parte Harvey, 177 S. W. Rep., 1174, and cases cited in these several cases.

This cause is, therefore. dismissed.

*Dismissed.*