As the record is presented, the judgment will be affirmed.

---

Ex parte HENGY. (No. 3742.)

(Court of Criminal Appeals of Texas. Oct. 27, 1915.)

HABEAS CORPUS ☞113 — JURISDICTION—RE-LEASE PENDING APPEAL.

The Court of Criminal Appeals has no jurisdiction of an appeal from the judgment in a habeas corpus proceeding remanding the petitioner to custody, where he is admitted to bail pending the appeal.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. ☞113.]

Appeal from Criminal District Court, Dallas County; W. L. Crawford, Jr., Judge.

Habeas corpus by Louis Hengy. Prisoner remanded to custody, and he appeals. Cause dismissed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was arrested on a proper warrant issued on a complaint against him from the corporation court of the city of Dallas, and was held in custody by the chief of police of the city thereunder. He sued out before one of the district judges of Dallas a writ of habeas corpus seeking his discharge from said arrest and imprisonment. The judge heard the case and all the evidence and remanded him to the custody of the officer holding him. He thereupon appealed from the judge's order to this court and at once entered into a recognizance and was discharged from actual custody by virtue thereof.

Under such circumstances, it has uniformly been held by this court that it has no jurisdiction to hear and determine any such cause. The giving bond or recognizance and discharge thereunder prevents this court from acting on the appeal. Ex parte Snyder, 39 Tex. Cr. R. 120, 44 S. W. 1108; Ex parte Talbutt, 39 Tex. Cr. R. 12, 44 S. W. 832; Ex parte Richie, 177 S. W. 85; Ex parte Harvey, 177 S. W. 1174, and cases cited in these several cases.

This cause is therefore dismissed.