RICHARDS v. RULE.   (No. 15-2597.)

(Commission of Appeals of Texas, Section A. Jan. 15, 1919.)

1. QUIETING TITLE ⬅️35(2) — PETITION — SUFFICIENCY.

A petition in a suit to remove a cloud from title *held* to sufficiently allege that the execution of the sheriff's deed under which plaintiff claimed was made pursuant to an order of sale.

2. EVIDENCE ⬅️83(7)—PRESUMPTIONS.

There is a prima facie presumption that official acts are regular, but the presumption of the regularity of a sheriff's acts as recited in his deed applies to such recitations only as are made by virtue of statutory requirement, and the presumption cannot be indulged to the extent of supplying the necessary authority for the sheriff's acts.

3. EVIDENCE ⬅️158(5) — SHERIFF'S DEEDS —RECITALS.

As there is no statutory requirement in Texas that a sheriff's deed shall contain a recital of the authority under which it is executed, such recital is not competent secondary evidence of the sheriff's power to sell.

4. EVIDENCE ⬅️177—SECONDARY EVIDENCE —DEEDS—RECITALS.

The fact that the best evidence of a sheriff's authority to sell is not available, and that proper predicate has been laid for secondary evidence, does not alter the rule that recital in a sheriff's deed is not competent evidence of his power to sell.

5. EVIDENCE ⬅️158(5)—JUDICIAL SALES.

Whether a sheriff's deed was executed by virtue of the requisite authority may be established by competent secondary evidence, and the question is not foreclosed by the fact that the execution docket contains no entry of the issuance of an order of sale.

6. APPEAL AND ERROR ⬅️1177(6)—DETERMINATION—REMAND.

Where plaintiff claimed under a sheriff's deed, but the issue of the sheriff's authority to execute the deed was not fully developed, notwithstanding two prior trials, *held*, under circumstances, that a judgment for plaintiff, who did not show the sheriff's authority, should be reversed, and the cause remanded, instead of judgment being rendered for defendant.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by T. J. Richards against Johnnie Floyce Rule. A judgment for plaintiff was reversed, and judgment rendered for defendant by the Court of Civil Appeals (159 S. W. 386), and plaintiff brings error. Reversed, and cause remanded for new trial.

J. M. Hawkins, of Hempstead, and R. D. Browne, of Paducah, for plaintiff in error.

M. M. Hankins, of Quanah, for defendant in error.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

TAYLOR, J. The plaintiff, T. J. Richards, sued Johnnie Floyce Rule to remove cloud from the title to 27 town lots in Paducah, Cottle county, Tex. The case has been twice tried, and each time without the intervention of a jury. Judgment in the lower court was for the plaintiff on both trials. The first appeal resulted on the original hearing in an affirmance, and on motion for rehearing in reversing and remanding the cause. 149 S. W. 1073. On the second appeal the judgment was reversed and rendered in favor of the defendant on the ground that the plaintiff failed both to allege and to prove that the sheriff's deed through which the plaintiff claimed title was executed in pursuance of an order of sale. 159 S. W. 386.

If the deed referred to is valid, the plaintiff holds the superior title and is entitled to the relief sought. In considering whether effect should be given the deed under the present state of the record, two questions arise:

First. Did the plaintiff sufficiently allege that the execution of said deed was in pursuance of an order of sale?

Second. Is the recital by the sheriff in said deed that its execution is by virtue of an order of sale competent secondary evidence of the sheriff's authority to sell?

[1] The plaintiff pleaded his title specifically, setting out the third and fourth muniments of the title, and his allegations concerning them, as follows:

"(3) Judgment for debt and foreclosure of an attachment upon said described property in a suit wherein S. N. Harwell was plaintiff, and R. E. Avents was defendant. Attachment levied on said property on the 11th day of June, 1894, which judgment and attachment is on record in the justice court of Cottle county, Tex., and shown to have been recorded June 12, 1894, in volume 1, page 7, Attachments Records of Cottle County, Tex.

"(4) Sheriff's deed by virtue of an order of sale issued on said attachment proceedings and judgment from the justice court, by J. L. Gober, sheriff of Cottle county, Tex., for R. E. Avents and Mrs. N. A. Harwell, dated January 23, 1895, and filed for record January 30, 1895, and recorded in volume 6, page 194, Deed Records of Cottle County, Tex."

The foregoing excerpts from the petition are sufficient within themselves to answer the first question in the affirmative. While paragraph 4 of the excerpt is descriptive in form, it contains the essential declarations concerning the issuance of an order of sale. The fact that the matters alleged are recited in the instrument pleaded does not rob the allegations of their assertive force, and certainly not when the averments are alleged in the language of the pleader, as in this case. The excerpts quoted apprise the defendant in general terms of the plaintiff's claim that the deed was executed by the sheriff by virtue of the power conferred by

an order of sale, and paragraph 4 identifies the order by reference to the court and cause out of which it issued. The plaintiff sufficiently alleges, as against a general demurrer, the issuance of the order of sale.

[2-4] The sheriff's deed relied on by the plaintiff in error contains the following recitation:

"Whereas by virtue of a certain order of sale issued out of the justice court of precinct No. 1, Cottle county, Tex., in favor of S. B. Harwell v. R. E. Avent, on certain judgment and decree of sale rendered on the 5th day of October, 1894, and directed and delivered to me as sheriff of Cottle county, commanding me to sell the premises described in said order of sale, I, J. S. Gober, sheriff as aforesaid, did upon the 10th day of November, 1894, advertise the said premises as described in said order for sale by causing a notice of the time and place of said sale to be published for three successive weeks in the Paducah Bulletin, a weekly newspaper published in Cottle county, Tex., the first notice appearing in said newspaper on the 10th day of November, 1894, Tuesday being the 4th day of December, A. D. 1894, within the hours prescribed by law offered said premises for sale at public vendue in the county of Cottle, at the courthouse door thereof, and at said premises hereinafter described and fully set out were struck off to Mrs. N. A. Harwell, for the sum of $50, she being the highest and best bidder, and that being the highest and best bid for the same."

The deed not having attained the status of an ancient document, the question arises as to whether its recital of the sheriff's authority to sell is competent secondary evidence of such authority, binding on others than the immediate parties thereto. There is a prima facie presumption that official acts are regular (Willis v. Smith, 66 Tex. 31, 17 S. W. 247); but the presumption of the regularity of the sheriff's acts as recited in his deed applies to such recitations only as are made by virtue of statutory requirement. This presumption cannot be indulged to the extent of supplying the necessary authority for the sheriff's act. Howard & North, 5 Tex. 310, 51 Am. Dec. 769; R. C. L. vol. 10, p. 881.

Wigmore on Evidence, vol. 3, § 1664(d), says:

"A question of much interest, and in great controversy, has been whether the recitals in a sheriff's deed are admissible to prove his authority to sell, without producing the judgment and the execution. On principle, the solution is as follows: (1) The deed is not valid unless the sheriff had authority to sell; that authority to sell could come only from a judgment against the owner and a writ of execution, based upon the judgment, ordering the sheriff to sell; this judgment roll therefore (or a certified copy) must be produced, in order to prove the sheriff's authority: (2) Even if it could be assumed that the sheriff's office gives him a general authority to recite that he has in this instance a specific order to sell, nevertheless, since this order is contained in a written document, the contents of the document must be proved by

production or by copy, unless we are further to assume that the sheriff has an implied authority both to state the contents of the judgment and to state them in summarized form. These steps of assumption have usually proved too radical for the courts to take on common-law principles."

As there is no statutory requirement in this state that a sheriff's deed shall contain a recital of the authority under which it is executed, we conclude that such recital is not competent evidence of the sheriff's power to sell. Nor does the fact that the best evidence is not available, and that a proper predicate has been laid for the introduction of secondary evidence, alter the rule.

[5, 6] Whether the sheriff's deed was or was not executed by virtue of the requisite authority may be established by competent secondary evidence, and the question is not foreclosed by the fact that the execution docket contains no entry of the issuance of an order of sale. This issue, it is apparent, has not been fully developed, notwithstanding the case has been twice tried on the same pleadings. It was not raised specifically until after the case had been once affirmed, once reversed and remanded, again tried, and original briefs had been filed by both the appellant and appellee. It was raised as fundamental error by the appellant in his supplemental brief filed on second appeal, and the error pointed out was such as to require a reversal of the judgment. Whether the opinion of the Court of Civil Appeals rendering the judgment in favor of the defendant should be affirmed under such circumstances is the remaining question for decision.

The purpose of the litigation is to correctly determine the issues raised, and, while a speedy disposition of the case is desirable, the number of times it has been tried should not be given any weight in its decision under the circumstances disclosed by the record, and so long as the vital issue is in doubt. The effect of rendering the judgment in the present state of the record would be to divest the plaintiff of his title held for 15 years under a recorded deed without an attack on its validity, while the issue on which its validity depends still remains in doubt. Judge Dibrell, in the case of Paris & G. N. Ry. Co. v. Robinson, 104 Tex. 492, 140 S. W. 439, before the court on a second appeal, said:

"As long as there is a probability that a case has for any reason not been fully developed, this court will not render judgment on the insufficiency of the evidence. In other words, it must be apparent to the court that the case has been fully developed, and that there is no probability that any other evidence can be secured before it will render judgment."

The rights of the parties should not be foreclosed in the present state of the record by a rendition of the judgment. We are of opinion that the judgments of the trial court and the Court of Civil Appeals should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. The case is correctly remanded upon the ground stated by the Commission in its opinion.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes