### EX PARTE HUGH ALEXANDER.

No. 8692.    Decided May 7, 1924.

**Habeas Corpus—Custody—Practice on Appeal.**

Where it was made to appear by affidavit that at no time since the entry of the judgment in the County Court was relator in custody but acted under agreement with the officers that the applicant need not remain in custody, the appeal must be dismissed for want of jurisdiction.

Appeal from the County Court of Rusk. Tried below before the Honorable J. P. Watson.

Appeal from a habeas corpus proceedings denying release under a judgment of conviction for a misdemeanor assessing a fine of $5.00.

The opinion states the case.

*Futch & Cooper* and *Gray & Gray*, for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of the County Court of Rusk County remanding relator to the custody of the constable of precinct No. 1 of said county. It appears that relator was convicted in the Justice Court of said precinct of a misdemeanor and appealed his case to the County Court of said county where the appeal was dismissed. Subsequently relator was arrested upon a capias pro fine issued out of said justice court. He sued out a writ of habeas corpus before the county judge alleging irregularities in the manner of the entry of the judgment in said Justice Court. Upon a hearing he was remanded and appeals the case to this court.

It is made to appear by the affidavit of the constable of said precinct that at no time since the entry of the remanding judgment herein has relator been in his custody, it being stated in the affidavit that an agreement was entered into between the county judge, the applicant and the constable that the applicant would not remain in custody pending this appeal. In Ex parte Snyder, 44 S. W. Rep., 1108, this court, speaking through Judge Davidson, after referring to the fact that it had been made known to the court that the relator was not in custody pending an appeal from a remanding order of the lower court, said:

"It has been called to our attention several times recently on appeal, in cases of this character, that the parties were not confined in jail pending their appeal. This is a fraud, or an attempted fraud, upon the jurisdiction of this court, and may call for stringent measures or action on our part. We do not understand how the writ of habeas corpus can be resorted to where the party is not restrained of his liberty, and, if restrained in the first instance, why officers permit such parties to go at large in disobedience to the orders of the remanding court. Nor do we understand why it is that attorneys will prosecute appeals from judgments of this character when their clients are not confined in jail or restrained of their liberty. The motion to dismiss the appeal is sustained."

See also Ex parte Talbutt, 44 S. W. Rep., 832; Ex parte Tyer, 61 Texas Crim. Rep., 66, 133 S. W. Rep., 1046; Ex parte Stevenson, 63 Texas Crim. Rep., 274, 140 S. W. Rep., 94; Ex parte Eldridge, 162 S. W. Rep., 1149; Ex parte Harvey, 77 Texas Crim. Rep., 299, 177 S. W. Rep., 1174.

The appeal will be dismissed.

                                        *Dismissed.*