McGLOTHLIN et ux. v. SCOTT. (No. 11928.)

Court of Civil Appeals of Texas. Fort Worth. March 3, 1928.

Rehearing Denied April 7, 1928.

1. Appeal and error ⊜⇒917(1)—Allegations of petition must be taken as true on appeal, in determining whether demurrer was properly sustained.

In determining whether general demurrer was properly sustained, allegations of petition must be taken as true on appeal.

2. Judgment ⊜⇒521—Action in same court to try title and set aside sale involved direct attack on judgment previously entered foreclosing lien.

Suit in two counts for trespass to try title and to set aside order of sale of property, brought in same court in which judgment foreclosing lien was rendered, involved direct and not merely collateral attack on judgment foreclosing lien; order of sale being in the nature of an execution to enforce the judgment theretofore rendered.

3. Execution ⊜⇒311—Recitation in sheriff's deed giving dates of order for sale and deed as having antedated judgment foreclosing lien held not to render deed void.

Recitation in sheriff's deed that order of sale and sheriff's deed of property were made at time previous to rendition of judgment foreclosing lien *held* not to render sheriff's deed void.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Execution ⬦⟹310—Sheriff's deed need not state judgment upon which it was based or upon which sale was had.**

Sheriff's deed is not required by law to state the judgment upon which it was predicated or the judgment upon which the order of sale or the sale was had.

**5. Execution ⬦⟹313—Alleged improper execution or execution without legal authority of sheriff's *deed under judgment foreclosing lien* did not render deed void.**

Fact that sheriff's deed was improperly executed or executed without legal authority *held* not to render deed pursuant to judgment foreclosing lien void.

**6. Judgment ⬦⟹486(1)—Order of sale of execution upon dormant judgment is merely voidable and not subject to collateral attack.**

Order of sale of execution upon a dormant judgment is not void but only voidable, and therefore cannot be attacked collaterally.

**7. Execution ⬦⟹222(1)—Excessive demand in citation and notice of sale in action. for foreclosure of lien renders sale voidable (Rev. St. 1925, art. 3783, subd. 2).**

Fact that citation in action for foreclosure of lien shows demand for amount greater than is owing and that notice of sale is for excessive amount would render sale voidable and subject to direct attack, under Rev. St. 1925, art. 3783, subd. 2, especially where no interest of third party has intervened.

**8. Execution ⬦⟹222(1)—Sale under judgment for foreclosure of lien held pursuant to notice given less than 20 days previous, which stated sale would be held March 6, "1924," held invalid as against direct attack on judgment (Rev. St. 1925, art. 3808).**

Failure to serve notice of sale full 20 days before sale under judgment for foreclosure of lien *held* to render sale invalid in direct attack on judgment, under Rev. St. 1925, art. 3808, especially where notice of sale stated that it would be held on May 6, "1924," instead of 1924, and where notice was allegedly published in newspaper which did not have general circulation.

**9. Newspapers ⬦⟹3(5),—Newspaper selected for publication of notice of sale under execution should be one having general circulation in county (Rev. St. 1925, art. 3808).**

Newspaper selected as a means of publication of an order of sale should be one of general circulation in county in which the sale under execution is to be had, under Rev. St. 1925, art. 3808.

**10. Liens ⬦⟹22—Assignee of judgment for personal recovery and foreclosure of lien held not necessary party in suit to set aside sale thereunder.**

In suit to set aside order of sale and sale of real estate under judgment foreclosing lien, assignee of judgment *held* not necessary party where no effort was made to set the personal judgment aside.

Appeal from District Court, Tarrant County; James E. Mercer, Judge.

Suit by W. P. McGlothlin and wife against J. P. Scott. From a judgment sustaining a general demurrer to the petition and dismissing the suit, plaintiffs appeal. Reversed and remanded.

C. A. Wright, of Fort Worth, for appellants.

H. D. Payne, of Floydada, and Wm. R. Booth, of Fort Worth, for appellee.

BUCK, J. W. P. McGlothlin and wife sued J. P. Scott, in form of trespass to try title, in one count, and in another count he sought to set aside an order of sale and the sale thereunder of certain described property in the city of Fort Worth, Tarrant county.

The trial court sustained defendant's general demurrer to plaintiffs' third amended petition, including two supplemental petitions, and, the plaintiffs declining to further amend, the suit was dismissed. Plaintiffs have appealed.

Opinion.

In plaintiffs' petition they urged (1) that that part of the judgment foreclosing an alleged lien on the property in question was beyond the jurisdiction of the court, because of insufficient citation apprizing the McGlothlins of any suit to that effect; (2) that the judgment was dormant at the time the order of sale was issued and the same had; (3) that the advertisement in the newspaper was insufficient; (4) that the notice to them of the sale was issued within 20 days of the date of sale; (5) that the property sold for an unconscionably inadequate price; (6) that it was advertised to sell for more than was due; (7) that no credit had been given on the judgment for payments made by plaintiffs.

[1, 2] Perhaps one of the first questions involved in this appeal is, Does this suit constitute a direct or a collateral attack upon the judgment? We are of the opinion that, on at least some of the grounds alleged for setting aside the order of sale and the sale thereunder, the attack is direct. If the allegations be true, which must be assumed in determining whether a general demurrer was properly sustained, some of the grounds asserted would make the order of sale and the sale thereunder absolutely void, not merely voidable. This suit was an original action, filed in the same court in which the original judgment was rendered, seeking to set aside a part of the proceedings had in that court. The order of sale is in the nature of an execution to enforce the judgment theretofore rendered. Under the head of "Judicial Sales," 35 Corpus Juris, 108, § 188, it is said:

"By Action—a. In general, after confirmation, a judicial sale may be vacated by an original bill or action to vacate. Some courts have held this to be the only proper remedy, espe-

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cially if the term of court at which the order of confirmation was entered has passed" (citing the Texas decision of Trans-Pecos Land & Irr. Co. v. Arno Co-op. Irr. Co., 180 S. W. 928, by the El Paso Court of Civil Appeals).

In 34 Corpus Juris, 520, § 827, it is said:

"A direct attack on a judgment is an attempt to avoid it or correct it in some manner provided by law in a proceeding instituted for that very purpose, in the same action and in the same court; and the fact that other incidental relief is also asked is immaterial" (citing, among other decisions, the Texas case of McCampbell v. Durst, 73 Tex. 410, 11 S. W. 380.

In the last-cited case, quoting from the syllabus, it is said:

"A suit to cancel and annul a deed executed in pursuance of the proceedings of the probate court, which are alleged to have been fraudulent and void, is not a collateral attack on such probate proceedings, but a direct effort to vacate the deed, which may be done when fraud has been perpetrated, though the probate orders stand."

Plaintiff alleged in the instant case grounds for legal fraud, in many respects. Some of these grounds are that sufficient credits were not given for payments made on the judgment, prior to the issuance of the order of sale; that the order of sale was not advertised and published in a newspaper of general circulation for the requisite number of weeks; that a default judgment was taken for an amount in excess of that due; that a judgment for foreclosure of a vendor's lien was rendered without sufficient allegations or prayer to authorize this relief, etc.

[3-5] It was alleged that the sheriff's deed stated that the order of sale was made April 3, 1924, the sale was made May 6, 1924, and the sheriff's deed to the property was executed on May 7, 1924, under a judgment alleged to have been rendered on July 3, 1924, subsequent to the execution of the deed. It is claimed that the recitation in the deed that the order of sale was executed and the sale had prior to the judgment upon which the sale was based renders that deed void. We do not think this assignment should be sustained. A sheriff's deed is not required by law to state the judgment upon which it was predicated, or the judgment upon which the order of sale, or the sale had. See Richards v. Rule, 207 S. W. 912, by Commission of Appeals, approved by the Supreme Court, reversing the Court of Civil Appeals in 159 S. W. 386. Nor do we think it would change the rule, that plaintiff alleged that the deed was improperly executed or executed without legal authority.

[6] The judgment against defendant and in favor of plaintiffs was rendered July 3, 1922. Plaintiffs alleged that no execution of the order of sale was ever issued under or by virtue of said judgment for more than one year thereafter, and no appeal had been taken from said judgment, and no motion for new trial had been filed therein, and no appearance made in said cause by the plaintiffs, and no supersedeas bond was filed therein or writ of error sued out, and no execution of order of sale had been issued prior to April 3, 1924. An issue of an order of sale of execution upon a dormant judgment is not void but only voidable, and for that reason cannot be attacked in a collateral attack. Burlington State Bank v. Marlin National Bank (Tex. Civ. App.) 207 S. W. 954. Since we have concluded that this is a direct attack, it is probable that this irregularity may be taken advantage of in this suit. Burlington State Bank v. Marlin National Bank (Tex. Civ. App.) 207 S. W. 954, and authorities there cited. But inasmuch as we have concluded that the trial court improperly sustained the general demurrer on other grounds hereinafter discussed, we will not definitely decide as to whether the alleged dormancy of the judgment constituted grounds for relief in the instant case or not. It is further alleged: That the citation served in the former suit upon plaintiffs in this suit, and the only one served on them, to appear and answer the J. P. Scott's suit upon two promissory notes, one for $500 and one for $2,000, interest and attorney's fees, nowhere declared the nature of plaintiffs' demand to be the foreclosure of a mortgage or deed of trust lien, and nowhere made mention of any mortgage or deed of trust being sued on, so that plaintiffs had no notice of any intention on the part of plaintiff, Scott, to seek to establish or foreclose a mortgage lien or a deed of trust lien. That said citation, however, described said notes as being vendor lien notes, and the prayer of plaintiffs was included in said citation as follows: "Wherefore, plaintiff prays that he have judgment for his debt and foreclosure of his lien," etc., without describing or identifying any lien whatever, and without mentioning any mortgage or deed of trust. That as a matter of fact said notes had not been given as purchase money for said property at all, but these plaintiffs had owned and paid for said property, and never did buy same from said Scott, nor any assignor or transferor of said Scott, and said notes were not vendor lien notes. Hence it was alleged and here urged that the trial court could not have foreclosed any vendor's lien on account of said notes, and plaintiffs' petition, upon which said citation was issued and said judgment taken, does not show said notes to be vendor lien notes. Plaintiffs below do not dispute the regularity of the personal judgment entered against them, but do deny the authority to grant a foreclosure of the lien and an order of sale, etc.

In Simms v. Miears, 192 S. W. 623, by the Austin Court of Civil Appeals, the citation served on the defendant was to "foreclose a vendor's lien retained in one certain prom-

issory note," etc. No statement in said citation showed that the purpose of the suit was to give a personal judgment for the amount of the debt. The judgment was by default, as in the instant case. The court said:

"Plaintiffs in error assign error in that the citation did not indicate that suit was brought to recover on the note, but only to foreclose the lien. Article 1852, Rev. Stats., requires that the citation 'shall state the date of the filing of plaintiff's petition, the file number of the suit, the names of all the parties and the nature of the plaintiff's demand.' It has been held that these requisites are mandatory, and without them the citation will not support a judgment by default. Simms v. Miears [Tex. Civ. App.] 190 S. W. 544."

In Netzorg v. Green, 26 Tex. Civ. App. 119, 62 S. W. 789, writ of error denied, in a suit by the state against Netzorg for about $1.72 taxes and to foreclose the tax lien on land described, the citation published stated the nature of plaintiffs' demand to be, in substance, a suit by the state of Texas, on account of taxes, in the sum of $1.72 for the year 1895 on land described therein, and nothing was said in said citation about foreclosing the tax lien. Defendant made default, and the state took judgment, and said land was sold by order of sale by virtue of said judgment, and Green was claiming title through same. The court held that said citation was insufficient, in that it failed to show anything but a personal judgment would be sought, it not being stated that the plaintiff in the original suit was asking for a foreclosure of the tax lien.

In Carlton v. Mayner, 47 Tex. Civ. App. 47, 103 S. W. 411, in an action against different defendants residing in different counties, plaintiff had served a citation on defendant Carlton, describing the nature of his demand as a suit to recover $750 on a contract for the hire of a rotary well outfit, according to an exhibit attached to the petition, a certified copy of which accompanied the citation. The petition, however, states a cause of action for the conversion of such outfit or parts thereof, and to recover the cost of transporting the outfit to the place where defendants used it, and demanded judgment for $510.16. It was held that the cause of action stated in the citation was not the same as that alleged in the petition, and that the citation was therefore insufficient to sustain a judgment against Carlton by default.

We doubt if this allegation, made in the petition of plaintiffs below, was good as against a general demurrer, and states a cause of action. But since we have concluded that the judgment must be reversed on the other grounds, we forego to definitely rule on the question.

[7] Plaintiff further attacks the order of sale and the sale thereunder on the ground that the citation showed the demand on defendant in the other suit was for an amount greater than he owed, and the notice of sale served on defendant in the former suit was also for a greater amount than was due J. P. Scott, in that the defendants in the former case and plaintiffs in this case had paid $750 on the judgment, subsequent to its rendition, and that no credit was given them therefor.

Article 3783, subd. 2, Rev. Civ. Statutes of 1925, requires the officer to whom the execution has been issued, if the judgment be for money simply, to satisfy the judgment out of the property of the debtor, subject to execution. An execution correctly describing the judgment, stating the court before which it was rendered, the date of its rendition, and the names of the parties to the suit, but misdescribing the amount of the judgment as being for $13.37, when the judgment was for $120.50, principal and 6 per cent. interest, the variance was held not material in a collateral proceeding. See Williams v. Ball, 52 Tex. 603, 36 Am. Rep. 730. There is, perhaps, an intimation in the cited case that the variance might be material in a direct proceeding.

In Taylor v. Doom, 43 Tex. Civ. App. 59, 95 S. W. 4, the San Antonio Court of Civil Appeals held that the variance between the amount for which execution was issued and the original amount of the judgment was immaterial inasmuch as the judgment bore interest.

In Brown v. Bonougli, 111 Tex. 275, 232 S. W. 490, it was held that the inclusion in an execution, or order of sale of excessive costs, renders the sale merely irregular and voidable, but not void. It would seem that in a direct attack, such as this, the irregularity could be taken advantage of, especially as no interest of a third party had intervened. Irvin v. Ferguson, 83 Tex. 493, 18 S. W. 820; Crosby v. Bannowsky, 95 Tex. 451, 68 S. W. 47.

[8] Article 3808, Rev. Civ. Statutes 1925, requires notice of sale to state the "time and place of sale." In the notice served on the McGlothlins it was stated that the sale would be held on May 6, "19124." It is urged that such notice was not notice that the sale should be held on May 6, 1924, and was insufficient to comply with the statutory requirement. This article requires that:

"The officer making the levy shall give the defendant or his attorney written notice of such sale, either in person or by mail, which notice shall substantially conform to the foregoing requirements."

The article further provides:

"The time and place of sale of real estate under execution, order of sale, or venditioni exponas, shall be advertised by the officer by having the notice thereof published in the English language once a week for three consecutive weeks preceding such sale, in some newspaper published in said county. The first of

said publications shall appear not less than twenty days immediately preceding the day of sale."

In Leeper v. O'Donohue, 18 Tex. Civ. App. 531, 45 S. W. 327, writ of error denied by the Supreme Court, it was held that the notice of sale was required to be served on the defendant 20 days before the sale. Plaintiffs below alleged that the notice was not served on them full 20 days before the sale, but was served on them April 19, 17 days before the sale. We think the failure to serve the notice of sale full 20 days before the sale was advertised to be held, and was held, is fatal to the validity of said sale. Leeper v. O'Donohue, supra, has been cited in a number of cases, especially in Moore v. Miller (Tex. Civ. App.) 155 S. W. 573, 580, writ of error denied. We sustain this assignment, and the judgment below is reversed and the cause remanded for a new trial. Moreover, we are inclined to sustain the assignment based on the pleading that the date of sale, as shown in the notice to defendants in the former suit, was in a year long subsequent to the date when the sale was held. In addition to these allegations in plaintiffs' petition, he alleged that the property was sold for an inadequate price, and that it was stated to have been advertised in the "Protestant Herrold," which, it was alleged, was "not a newspaper having a respectable circulation calculated to convey to the public notices of such sales as contemplated by law, and that after diligent search no such paper could be found in the county and that notices of sale were not had in a newspaper within the contemplation of law for the publication of such notices."

Corpus Juris, vol. 35, § 28, says:

"In every case, however, the paper or papers selected should be such as to give general publicity to the fact that the sale is about to occur, so as to invite competition, * * * and the fact that the paper in which the notice was published was not of general circulation in the county is ground for refusing to confirm the sale."

[9] In a footnote under this statement is cited the case of Craig v. Fox, 16 Ohio, 563, wherein it was held that publication in a newspaper which circulated in the city, but did not circulate throughout the county, was not such a publication as justified the confirmation of the sale, although the letter of the law had been literally complied with. A sale for a grossly inadequate price, made without the knowledge of the defendant in execution, will be set aside. Schmidt v. Burnett (Tex. Civ. App.) 23 S. W. 228; Martin v. Anderson, 4 Tex. Civ. App. 111, 23 S. W. 290. While we do not agree entirely with the decision of Craig v. Fox, supra, we do think that the newspaper selected as a means of publication of an order of sale should be one of general circulation in the county in which the sale is to be had. As stated by one of learned appellate courts, notice by publication is a poor expedient at best to give general notice of a sale, and such notice should not be published in a publication of extremely limited circulation. It is held that the publication of such notice in a foreign language paper is insufficient, although the notice is printed in English. Graham v. King, 50 Mo. 22, 11 Am. Rep. 401.

[10] We are further of the opinion that W. Q. Seale was not a necessary party to this suit, and the failure to make him a party did not render the petition bad as against a general demurrer. The allegation of plaintiffs' petition is that Seale bought the judgment from J. P. Scott. There is no effort made in this proceeding to set aside the personal judgment, and therefore Seale is not interested in the setting aside of the order of sale and the sale thereunder.

The judgment below sustaining the general demurrer to the plaintiffs' petition is reversed and the cause is remanded.