STATE v. THOMAS JONES et al.

*Practice—Habeas Corpus—Continuance of Hearing—Return—
Evidence—Burden of Proof.*

1. If it appear from the return on a writ of *habeas corpus* that the petitioner is detained on a criminal charge, the Court may continue the hearing for a reasonable time to give the Solicitor an opportunity to examine into the case.

2. The presumption of innocence applies only on a trial, and does not avail to furnish a presumption that the detention of a party on regular process, when the committing officer has jurisdiction, is illegal; therefore,

3. Where, upon the return of a Sheriff to a writ of *habeas corpus*, it appeared that the petitioners were in custody on a *mittimus*, regular in every way, from a Justice of the Peace, for failure to give bond for their appearance at the next term of the Superior Court to answer a criminal charge of which the Court had jurisdiction, the detention, nothing else appearing, was clearly legal, and the burden was upon the petitioner to show wherein it was illegal, and not upon the State to show that they were lawfully in custody.

This is an application for a *certiorari* to review the action of *Bryan, J.,* in refusing to discharge the petitioners on *habeas corpus.* Notice was given as required by Rule 43 of this Court, the time being shortened by consent of the Attorney General. The petitioners filed a certified copy of the record and proceedings as a part of their application. From them it appears that the petitioners were arrested and brought before a Justice of the Peace upon an affidavit and warrant for unlawfully disposing of mortgaged property under *The Code,* § 1089, and upon the trial the Justice bound them over to the Superior Court in the sum of two hundred dollars. Upon their failure to give the bond, they were sent to jail, under a *mittimus,* regular in every respect.

The petitioners thereafter applied to the Judge for a writ of *habeas corpus,* upon a petition which sets out that they had

been committed to jail by virtue of a *mittimus* from a Justice of the Peace (annexing a copy), but averring that there was no evidence before the Justice that any crime had been committed in said county, and that the committal was made through the ignorance or malpractice of the Justice.

Upon the return the Sheriff produced the petitioners and made his return, setting forth the *mittimus* as the cause of the detention. The Court continued the cause till next morning, that the Solicitor might have some time to examine into the matter, the petitioners giving bond in the sum of one hundred dollars each for their appearance. To this continuance the petitioners, through their counsel, excepted. On the return, it appearing that the detention was upon a *mittimus* from a Justice of the Peace for the failure to give bond on a charge for unlawfully disposing of mortgaged property, the Court ruled that the burden was on the petitioners to show that they were illegally restrained of their liberty. To this the petitioners excepted and appealed. The petitioners refusing to proceed with their evidence the Court refused to discharge them, and they were permitted to go upon their bond already given.

*The Attorney General,* for the State.
*Messrs. Geo. M. Lindsay* and *E. C. Smith,* for petitioners (appellants).

CLARK, J. (after stating the case): The learned counsel for the petitioners properly and frankly admitted that this was a case of " novel impression." The continuance of the hearing till the next morning was not subject to exception. It is difficult to see how it injured the petitioners who were admitted to bail, or how, if injurious, this could be remedied by an appeal. It is *res acta* and cannot be undone. Besides, the delay was to give the Solicitor opportunity to examine into the case, and was expressly authorized by *The Code,* § 1635.

Upon the return of the Sheriff it appeared that the peti-
tioners were in custody upon a *mittimus* (which, indeed, was
also set out in the application for *habeas corpus*), regular in
every way, from a Justice of the Peace, for failure to give
bond for their appearance at the next term of the Superior
Court to answer a criminal charge of which that Court had
jurisdiction. Nothing else appearing, the detention was
clearly legal. The Court thereupon called upon the peti-
tioners to show wherein it was illegal. They declined to fur-
nish him any evidence, but contended that the burden was
upon the State to show that they were lawfully in custody.
The State had already done so. It was not called upon to
go further till testimony to the contrary was offered. The
Sheriff knew probably nothing whatever of the detention,
except the *mittimus*. He was not called upon to bring up
the witnesses, to show what they testified to, or to prove that
the petitioners were guilty of the charge. That fact will be
inquired into by a grand jury, and afterwards by a petty jury,
if a true bill should be found, at the next term of the Court.
The presumption of innocence applies only upon such trial,
and does not avail to furnish a presumption that the detention
of a party upon regular process, when the committing officer
has jurisdiction, is illegal, and to call upon the State in a
proceeding like this to show that the defendant is guilty in
order to justify the detention. The detention is to give oppor-
tunity for a jury to pass upon the question of the defendant's
guilt. In *State* v. *Herndon*, 107 N. C., 934, the Judge refused
to hear any evidence, deeming the commitment (there, upon
a true bill found by a grand jury) conclusive of probable
cause. The Court held that the strong presumption was in
favor of the correctness of the action of the grand jury, but
that it was not conclusive, since there might be other evi-
dence not before them; hence, that it was error to refuse to
hear evidence, but that in no event, after indictment found,
could the Court discharge the prisoner. It might, in a proper

case, admit to bail. But here the Court did not refuse to hear evidence. It asked for it. The production of the *mittimus* was sufficient, *prima facie,* to show a legal detention. The petitioners had upon them the burden of showing evidence to rebut this, and the Court made all the inquiry it was called upon to make (*The Code,* § 1644) when it told them to proceed with their evidence, which they refused to do. If the petitioners had shown that there was no evidence at all before the Justice, the Judge could examine into the case *de novo* (unless they had waived the examination before the committing officer—9 Am. & Eng. Enc., 197), and bind over or discharge them; or, if the facts proved did not constitute a crime, he might discharge them, or, if the bail was excessive in amount, reduce it.

There may arise cases where the Court, *ex mero motu,* as it has power to do, may issue the writ (*The Code,* § 1632), and of course it may in all cases summon witnesses and investigate whether the *prima facie* case of legal detention is not rebutted. But the present case does not raise a question of the power to do this. The petitioners are in Court. There is nothing that indicates that they are weak, helpless or ignorant of their rights. Indeed, they are represented by counsel. The Judge does not refuse to hear testimony. He calls upon the State to show the cause of the detention. This it does satisfactorily by the Sheriff's return. The Court then asks the petitioners for their evidence. They refuse to give any. The Court could do no otherwise than to refuse to discharge them. *The Code,* § 1645. It seems, indeed, that the petitioners, in fact, are not even in custody, but are now out on bail. They have no ground to complain in any particular.                                                    Petition Dismissed.