## ALF WALTERS, JR. v. THE STATE.

### *No. 1020.   Decided May 13th, 1896.*

**1.   Assault ―― ―tent to Murder—Proof of Deadly Character of Weapon.**

On a trial for assault with intent to murder, where the weapon used was a pocket knife, and there was no description of the deadly character of the knife; but, it was shown that the wounds penetrated into the hollow, and one penetrated the lung, while another cut the muscle of the left arm above the elbow entirely in two.   Held: The deadly character of the weapon was sufficiently manifested, though, it would ha ʼe been better to have given some further description of the knife if practicable.

**2.   Same—Provoking the Difficulty—Mutual Combat—Charge—Imperfect. Self-defense.**

On a trial for assault with intent to murder, where two theories were presented by the evidence, to-wit: for the State, that [there was a simple and unprovoked assault by defendant; for the defense, that there was only an agreement between the parties for a mutual combat, and that defendant did not provoke the difficulty. Held:   That a charge upon provoking the difficulty and imperfect self-defense should not have been given.

**3.   Same—Mutual Combat—Charge.**

On a trial for assault with intent to murder, where the court, in connection with the law of mutual combat, instructed the jury, that if defendant took undue advantage of the prosecutor, and assaulted him with a deadly weapon intending to kill him, the offense could not be reduced to aggravated assault.   Held:   The charge was erroneous, the evidence showing that prosecutor was in the act of assaulting defendant with a stick—the end or butt of a large buggy whip—and further, if the same appeared to be a deadly weapon, defendant had a right to use his knife and there would be no undue advantage on his part under the circumstances.   Held:   The charge was further calculated to impress the jury with the idea, that the judge believed there was evidence of undue advantage taken by the defendant.

APPEAL from the District Court of Hood.   Tried below before Hon. J. S. STRAUGHAN.

Appeal from a conviction for assault with intent to murder; penalty, three years' imprisonment in the penitentiary.

The opinion states the essential facts, and the charges of the court which were complained of are also set out in the opinion.

*N. L. Cooper* and *B. M. Estes*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was tried and convicted for an assault with intent to murder, and given three years in the penitentiary, and prosecutes this appeal.   The contention of the appellant that this conviction for assault with intent to murder cannot be sustained, because there is no proof that the weapon with which the assault was committed was a deadly weapon, cannot be sustained.   It is true that no witness describes the pocket knife further than to say that it was a "pocket knife," and one claimed to be the knife was exhibited to the jury, but no description of the same is given; neither its appearance, shape, nor size.   The description given of the wounds is as follows:

The prosecutor says: "He cut the muscle of my left arm in two, and he kept cutting me, and cut me in fifteen places. I was down on the box, my face down, and he was stabbing me in the back." He said: "While I was down, the defendant was trying to cut my throat when the cut on my face was made. I was in bed, and laid up with my wounds, five weeks." The testimony of Dr. J. S. Turner on the same subject is as follows: That he was called to see the prosecutor, Jim Rucker, on the evening after the difficulty. "He was suffering from twelve or more wounds inflicted with some sharp instrument, like a knife, and was bleeding freely. I examined the wounds, and found the muscle of the left arm, above the elbow, cut in two, and some wounds in the back, and some in the side, and one on the side of his face. Two of the wounds in the back were dangerous, and one on the left side of the body and one on the right side of the body were dangerous wounds, and I thought they would likely produce death. The wound on the right side in front was a stab, and penetrated the lung; and one on the left side in front was a cut, about four inches long. Two of the wounds in the back went to the hollow, and one of them was about four inches long, and the other about three inches long; and these two wounds were near the backbone. These wounds I regarded as the most dangerous." All that we have on the subject is the statement that it was done with a pocket knife, the manner in which the wounds were inflicted, and the shape, length, and depth of some of the wounds. It is insisted, however, that unless the size of the weapon is proved, showing it to be a deadly weapon, notwithstanding it may be shown that dangerous wounds were inflicted, the assault with intent to murder cannot be sustained. We differ from counsel for appellant in this contention. Of course, in every assault with intent to murder, it must be shown that it was done with a deadly weapon, or instrument capable of producing death by the means used, and that such was the specific intention of the party. In this case we have the weapon—a pocket knife. We have wounds described that penetrated into the hollow; and one penetrated the lung; another cut the muscle of the left arm above the elbow entirely in two. The proof shows that, in inflicting the wound on the face, the effort was being made by the appellant to get at the throat of the prosecutor, Rucker. To hold that the assault was not of a deadly character, and with a weapon not capable of producing death, would be in the face of the testimony in this case. Of course, it is always best to give some further description of the weapon than was given in this case, where it is practicable, but such proof is not absolutely necessary. Appellant also complains of the charge of the court. The court gave a charge on self-defense, and in that connection gave a charge on provoking the difficulty. Said charge was on both phases of provoking the difficulty—one entirely cutting off the right of self-defense, and the other limiting the right. The charge on provocation, which entirely cut off the right of self-defense, is a proper charge on that subject, if supported by the evidence. The charge limiting

the right to an imperfect right of self-defense is defective in not stating the purpose or intent with which the defendant may have provoked the difficulty. The charge on this branch of the case is: "Or if the defendant provoked the difficulty with Rucker, without any intention to kill or to inflict serious bodily injury," etc.—but does not state that his purpose or intent was to make a simple assault and battery, or merely fight with the hands and fists. We have examined the record, however, to ascertain whether or not this charge on provoking the difficulty should have been given at all. If we look to the State's evidence on this subject, it shows simply an assault and battery with a knife by the defendant on Rucker, without any cause at all. Rucker says: "That he and defendant went to the back end of the saloon, where the difficulty occurred, and one Baker asked something about going in the back door, and I told him 'I would see,' when the defendant said it was a damned lie, and commenced to cut me. We were about five or six feet apart when this was said. When the defendant said this, he ran into me and began to cut me. I did not know what the defendant said the damned lie was about. I did not know what he meant by saying this. I ran, and fell, and defendant continued to cut me after I was down." The defendant's witnesses show that the prosecutor and defendant were quarreling on the street, and the prosecutor invited the defendant to go back in the alley or behind the saloon, and settle it. Two witnesses, one for the defendant, testified as to the facts immediately attending the difficulty. Baker says: "They went from the square, through the alley, between the restaurant and the Racket store. I do not know which was ahead. * * * I saw them quarreling back in the alley. They were in three or four feet of each other. I said: 'Jim, you boys quit this; you will get into trouble.' And Rucker said, 'All right,' and started off from the defendant, and began talking to the defendant again, and then defendant went on towards Rucker. Rucker turned around, and began talking to defendant again. I was at the end of the alley by this time. Rucker said to defendant, 'If you say so and so, you tell a God damned lie.' He had a stick in his hand—looked like the butt end of a buggy whip—and was holding it with his hands about the middle of it, with the large end towards defendant, and raised it in a striking position; and defendant caught it, and struck at Rucker, and Rucker fell over a box, and was trying to get up. When I saw the defendant had a knife, I struck him over the head with my walking stick, and he then quit." The defendant himself testified that, while they were quarreling on the public square, Rucker invited him three times to go back in the alley, and fight it out; that he would not go, but finally he asked him to go back and talk it over, and they went. He further testified: "Rucker gave me the damned lie twice, and drew the butt end of the stick as though to strike, and I was frightened and scared. That when he struck me, I was expecting him to hit me with the whip." From this testimony it occurs to us that there are lacking sufficient facts upon which the court was authorized to predicate a charge of provoking the

difficulty.   If the difficulty occurred as related by the State's witnesses, there was no provoking the difficulty by the acts of appellant causing Rucker to begin the onset.   There was simple and unprovoked assault by the defendant on Rucker.   If the difficulty occurred as the defendant's witnesses relate, there is no evidence to show that appellant provoked the difficulty.   The most that can be said of it is that he agreed to a proposition made by Rucker to have a mutual combat; in other words, to go behind the saloon, and settle the trouble between them. It is also contended that the court committed an error in the charge on mutual combat.   The charge of the court on this subject is as follows: "You are instructed, however, that if the defendant voluntarily engaged in a combat with Jim Rucker, knowing that it might result in death, or some serious bodily injury, which might probably produce the death of Rucker, in such case he could not claim that he was acting in self-defense.   But if the defendant voluntarily engaged in a combat with Jim Rucker, without intending to inflict death or serious bodily injury, or if the defendant provoked the difficulty with Rucker without any intention to kill or to inflict serious bodily injury, and suddenly and without deliberation, with a deadly weapon, stabbed Rucker with intent to kill, under the immediate influence of sudden passion arising from an adequate cause, as hereinbefore explained to you, while the asault would not be justified, it would amount to an 'aggravated assault,' as that term is hereinbefore defined.   You are further instructed that if the defendant and Jim Rucker became involved in a sudden quarrel, and if, in such quarrel, they engaged in a contest willingly, fought on equal terms, and no undue advantage was taken by either, and if, in such contest, the defendant assaulted Rucker with a deadly weapon, or instrument reasonably calculated and likely to produce death or serious bodily injury, from the manner in which it was used, with intent to kill Rucker, in such case the defendant would be guilty of an aggravated assault.   But if, on the other hand, in such case and under such circumstances, the defendant took any undue advantage of Rucker, and assaulted him with a deadly weapon, with the intent to kill him, in such event the said assault would not be reduced to an aggravated assault." In this charge it will be observed that, in connection with the charge on mutual combat, the court instructed the jury:   "If the parties fought on equal terms, and no undue advantage was taken by either, and if, in such contest, the defendant assaulted Rucker with a deadly weapon or instrument reasonably calculated and likely to produce death or serious bodily injury, from the manner in which it was used, with intent to kill Rucker, in such case the defendant would be guilty of an aggravated assault."   We do not understand such to be the law. However, appellant cannot complain of this charge, as it was more liberal towards him than the law authorized.   The court further charges in this connection:   "But if, on the other hand, in such case and under such circumstances, the defendant took any undue advantage of Rucker, and assaulted him with a deadly weapon, with the intent to kill him, in such

event the said assault would not be reduced to an aggravated assault."
The evidence does not indicate to our minds that any undue advantage
was taken by the defendant against the deceased in the mutual combat,
if it be conceded that the evidence shows that the parties engaged in a
mutual combat.    The evidence in this connection shows that the prose-
cutor, Rucker, assaulted, or was in the act of assaulting, the defendant
with a stick, the end or butt of a buggy whip.    If the same had the ap-
pearance of being a deadly weapon, then the defendant had the right to
use his knife, and there was, under such circumstances, no undue advan-
tage taken on the part of defendant.    In our opinion, this charge of the
court was not justified by the evidence, and was liable to impress the
jury with the idea that the judge believed there was evidence of an
undue advantage taken on the part of the appellant.    Thus, the charge
was calculated to confuse the jury as to defendant's right of self-defense,
and as to his guilt or innocence in connection with the charge on aggra-
vated assault.    For the errors discussed, the judgment is reversed, and
the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.