----

Argued February 13, decided March 3, 1914.

### Ex Parte WEST.

(139 Pac. 103.)

**Habeas Corpus—Nature of Relief—Grounds for Detention.**
   Members of the State Board of Control are entitled to relief by *habeas corpus* from arrest on the charge of violating the eight hour law in the employment of laborers at the state hospital and the penitentiary, where the record shows that the only person, charged to have been employed overtime, who was actually so employed other than in cases of emergency, acted voluntarily and not under rules of the institution in working overtime, and his time averaged less than eight hours a day each month.

In Banc.   Original application to the Supreme Court by Oswald West, as Governor, Ben W. Olcott, as Secretary of State, and T. B. Kay, as State Treasurer, constituting the Board of Control of Oregon, for writ of *habeas corpus*.   The facts are stated in the opinion of the court.        Allowed.

For applicants there was a brief, with oral arguments by *Mr. Roy F. Shields* and *Mr. John H. McNary*.

For respondent there was a brief, with oral arguments by *Mr. James W. Crawford,* Assistant Attorney General, and *Mr. Andrew M. Crawford,* Attorney General.

Mr. Justice Moore delivered the opinion of the court.

These are original applications to this court to be relieved from custody. The formal written requests for writs of *habeas corpus* herein severally state in effect that eight criminal complaints were filed in the Justice's Court for Salem district, separately charging the petitioners, Oswald West, as Governor, Ben W. Olcott, as Secretary of State, and T. B. Kay, as State Treasurer, who constitute the Oregon State Board of Control, and as such have the management of the state hospital and the penitentiary and the employment of laborers at those institutions, with violating the provisions of Chapter 61 of the General Laws of Oregon of 1913, in that they on January ——, 1914, in the county of Marion and State of Oregon, as agents of the state, permitted and required L. F. Griffith, a physician, Frances Cornell, a matron, W. J. Irwin, a supervisor, W. H. Mulvey, a bookkeeper, Frankye Cox, a nurse, Bessie Phinney, a stenographer, and Sam Parks, an attendant at such asylum, and Walter Johnston, a guard at the prison, to labor more than eight hours a day when there was then and there no emergency demanding the performance of such extra services, and when there were also then and there other laborers of like skill and efficiency who had not been employed their full available time. Predicated on these charges warrants of arrest were issued, pursuant to which the defendant, E. E. Cooper, a constable, apprehended the petitioners, who instituted these proceedings. The writs invoked having been issued, counsel for the respective parties stipulated that a written statement of facts, to which they set their names, might be regarded as the constable's return in each case. A demurrer to such recital challenged the legal principles involved at the hearing of these matters.

A summary of the services performed by the several persons named, as appears from the statement of facts mentioned, is to the effect that Dr. L. F. Griffith, at 8:30 A. M., daily, begins visiting patients at the asylum and conferring with attendants and assistants; his time being thus occupied until noon. From 12 M. antil 2 P. M. he is at leisure. From the latter hour until 4 P. M. he receives visitors, if any, employing about an hour. From 4 P. M. until 6 P. M. he is in his office, performing services, if any are demanded, but when not required, he is free from employment. At all times, however, either day or night, when not on duty, he is subject to call in cases of emergency.

Mrs. Frances Cornell begins her duties at 6:30 A. M., visiting the wards under her care, observing the condition of the female sufferers and the manner in which they are dressed, cared for and fed by the women attendants. Her time is thus occupied about three-quarters of an hour. She then partakes of breakfast, and, resuming her inspection at 7:45 A. M., she continues the examination until noon. From that hour until 2 P. M. she is at leisure. From the latter hour until 4 P. M. she receives visitors, but if none call she is free from duty. After 4 P. M. she again visits the wards as in the morning, being thus occupied about 30 minutes. Two evenings a week, from 6 to 8 o'clock, she assists in superintending amusements for the patients. She is usually employed about four hours in the morning and three in the afternoon.

W. J. Irwin has supervision of the male wards, and his hours of service and the duties he discharges are the same as those performed by Mrs. Cornell in her department.

W. H. Mulvey works for the first week in a month and the last few days thereof the full time limited, and he occasionally puts in more hours, but such extra

service is performed at his own volition, for no rule of the institution requires it. During the remainder of the month he does not work the limited time, nor does he average eight hours a day.

Frankye Cox assists in surgical operations in her ward, gives medicine as directed, notes its effect upon patients, and reports the same to the attending physician. Her hours of service are the same as those of an attendant.

Bessie Phinney takes and transcribes dictation, answers telephone calls, and, whether busy or not, is required to be in the office from 8 A. M. until 5 P. M., having an hour off for luncheon.

Sam Parks shaves the patients in his ward weekly, during which time he sees that they bathe and change their clothing regularly. He has the beds opened, cleansed and aired daily, and examines the food furnished. He encourages outdoor exercises and superintends amusements. In the winter he begins his duties at 6 A. M. and in the summer at 5:30, preparing his patients for inspection, which occupies until about 10 A. M., from which hour he is at leisure until noon, when luncheon is served, requiring about an hour. After the noon repast he is comparatively at leisure about 3½ hours, except that he must maintain order in his ward. At 4:30 he superintends the serving of the evening meal, and thereafter sees that his patients retire for the night, occupying about an hour and a half.

Walter Johnston guards prisoners at the penitentiary. If any escape, he is authorized to apprehend them, using such reasonable force as may be necessary; his authority in such instances being that of a policeman. He is required to be on duty at least eight hours a day.

The foregoing is believed to be a fair synopsis of the services rendered by and demanded of the employees named. None of them, except possibly guards at the penitentiary, are required to perform labor outside during inclement weather. The bookkeeper works a few days each month more than the limited time, but this he does without any request therefor, and it is possible that if his time were occupied eight hours a day only, he could perform all the necessary labor without being obliged to work overtime at the end or at the beginning of a month. None of the other employees labor more than eight hours a day except in cases of emergency, and, this being so, the petitioners should be discharged; and it is so ordered.

WRIT ALLOWED.