Prichard v. Fulmer, 25 N. M. 452.

(No. 2284.   Sept. 15, 1919.)
PRICHARD v. FULMER et al.

(Rehearing Denied Oct. 24, 1919.)

SYLLABUS BY THE COURT.

1.   Where a complaint in a suit for attorney's fees alleges that plaintiff was employed "to perform all services required to be performed by him in and about the foreclosure (of a mortgage) and the business incident thereto," the right to compensation begins when the sale of the mortgaged premises is confirmed by the court, and not when the decree of foreclosure is signed.                                                P. 454

2.   A suit for attorney's fees in such a case, begun within four years from the date of the order confirming the sale of the mortgaged premises, is not barred by the statute of limitations.                                                               P. 454

3.   Matters not called to the attention of the trial court except as to questions of jurisdiction cannot be raised for the first time on appeal.                                          P. 455

Appeal from District Court, Lincoln County; Medler, Judge.

Suit by George W. Prichard against J. H. Fulmer, Jr., and others. Demurrer to complaint sustained and judgment of dismissal entered, and plaintiff appeals. Reversed and remanded, with instructions to overrule the demurrer.

G. B. BARBER, of Carrizozo, for appellant.

Appellant's right to compensation accrued and the statute began to run when the services were rendered and completed.

Harrison v. Hall, 8 Mo. App. 167; Halev Ard. 48 Pa. St. 22 (approved in Mosgrove v. Golden, 101 Pa. St. 605); Jones v. Lewis, 11 Tex. 359; 33 Cent. Dig. tit. "Limitation of Actions," Sec. 275. The same doctrine prevails in England, Coburn v. Colledge, (1897) 1 Q. B. 702. Phelps v. Patterson, 25 Ark. 185; McNeil v. Carland, 27 Ark. 343; Hancock v. Pico, 47 Cal. 161; Johnson v. Lake Bank, 57 Pac. 664, 73 Am. St. Rep. 17;

Walker v. Goodrich, 16 Ill. 341; Loony v. Levy, 35 La.
Ann. 1012; Eliot v. Lawton, 83 Am. Dec. 683; Johnson
v. Pyles, 11 Sm. & M. 189; Bathgate v. Haskin, 59 N. Y.
533; Mygatt v. Wilcox, 6 Am. Rep. 90; Adams v. Ft.
Plain Bank, 36 N. Y. 255; Mattern v. McDwight, 6 Atl.
83; Campbell v. Maple, 105 Pa. St. 304; Jones v. Lewis,
11 Tex. 359; Noble v. Bellows, 53 Vt. 527; Davis v.
Smith, 48 Vt. 52.

LORIN C. COLLINS, of Santa Fe, for appellee.

State of limitations began to run from date of final
judgment.

U. S.—Mitchell, etc. Furniture Co. v. Sampson, 40
Fed. 805; Gates v. Newman, 46 N. E. 654; Lough v. Pit-
man, 25 Minn. 120; Mauney v. Pemberton, 75 N. C. 219,
221, where the court holds that "The action is still
pending until the judgment or decree is performed."
McNeil v. Garland, 27 Ark. 345; Hancock v. Pio Pico,
47 Cal. 161; Johnson v. Lake, 57 Pac. 664; Walker
v. Goodrich, 16 Ill. 341; Wood on Limitations (2nd
Ed.) pp. 333, 334, 335; Elliott v. Lawton, 7 Allen
(Mass.) 274; Foster v. Jack, 4 Watts (Pa.) 334; Hall
v. Ard, 48 Pa. St. 22; Lichty v. Haynes, 55 Pa. St. 434;
Hall v. Wood, 9 Gray (Mass.) 60; Fenno v. English, 22
Ark. 170; Mygatt v. Wilcox, 45 N. Y. 306; Adams v.
Fort Plain Bk., 36 N. Y. 255; (See dissenting opinion);
Prichard v. Fulmer, 159 Pac. Rep. 39; Am. Ann. Cases,
1913 A. 416; Harris v. Quine, L. R. 4 Q. B. (Eng.) 653;
Gilman v. Cockshutt, 18 Quebec Superior Ct. 552; An-
derson v. Schoesser, 94 P. 885; Scherrer v. Caneza, 33
La. Ann. 314; Wegman v. Childs, 41 N. Y. 159, 161.

OPINION OF THE COURT.

RAYNOLDS, J. This is a suit for attorney's fees
alleged to be due the plaintiff for legal services in the
foreclosure for the defendant of a mortgage against the
Eagle Mining & Improvement Company. To the com-
plaint defendant interposed a demurrer pleading the

four-year statute of limitations, which demurrer was sustained by the court. The plaintiff having elected to stand upon his complaint and refusing to plead further, a judgment of dismissal was entered. From the judgment of dismissal this appeal is taken.

[**1, 2**] Plaintiff alleges in his complaint:

"That the plaintiff, on or prior to said date, and now, is a duly licensed and practicing attorney in the courts of said state, and as such was duly retained and employed by said Fulmer to institute suit in the foreclosure of said mortgage in the above-named court, and to perform all of the services required of him as such attorney in and about said foreclosure and the business incident thereto, for which services the said Fulmer agreed with plaintiff that plaintiff should receive and be paid the attorney's fee provided in said notes and mortgages."

The decree of foreclosure was obtained on May 7, 1909, and the attorney's fee fixed therein at the sum of $7,906.10, being the amount specified in the notes and mortgages. Subsequently, on August 30, 1919, the property was sold to the appellee, and on the 23d day of May, 1910, the sale was confirmed by the court. This suit for attorney's fees was begun October 14, 1913.

It is the contention of the appellee and the ground of his demurrer that the statute of limitations is a bar to the action, the suit not having been begun within four years from the date when the cause of action accrued to the plaintiff. The appellee urges that the right to attorney's fees arose on the signing of the decree of foreclosure, namely, May 7, 1909, on which date the amount of the attorney's fees was fixed by the court, and that this action, begun October 14, 1914, comes too late.

We cannot agree with this contention. The general rule in cases of this kind is that the attorney employed to prosecute or defend a suit is entitled to his fees at the termination of the suit.

"It is held that the statute begins to run upon his claim for services and disbursements whenever his services are so brought to end that he can maintain an action for them. This point is held to be reached under a general employment when the suit is terminated by the entry of final judgment, and this is so although there may be other things incidental to the matter incurred afterwards." Wood on Limitations (2d Ed.) p. 333.

It is not necessary to decide whether the entry of the decree of the foreclosure or the confirmation by the court of the report of sale terminated the suit, as the language of the agreement to pay attorney's fees, as set forth in the complaint, specifies the extent of the employment in these words, to-wit:

"That the plaintiff was to perform all services required of him in and about the said foreclosure and incident thereto."

Obtaining an order confirming the sale of the mortgaged premises was clearly within the meaning of this language. Plaintiff's right to compensation arose at the time such order of confirmation was signed. This suit was begun on August 14, 1913, less than four years from May 23, 1910, and was within the period of limitations.

It is urged that the amended complaint which was filed May 7, 1917, states a new and different cause of action from the original one filed October 14, 1914, and that the amended complaint cannot relate back to the beginning of the action and thereby toll the statute of limitations. It is also urged that the plaintiff cannot by his own laches in failing to procure an order of confirmation extend the time of the statute.

[3] Assuming that defenses of this kind could be raised by demurrer, the record fails to show that either of these propositions was called to the attention of or passed upon by the court below. The only question there presented was that the statute of limitations had run against the cause of action alleged in the amended complaint, for the reason that the cause of action arose

on May 7, 1909. No question as to improper amendment of the complaint stating a new and different cause of action, nor of the plaintiff's laches, was presented. It has often been decided by this court that matters not called to the attention of the trial court, except as to questions of jurisdiction, cannot be raised for the first time on appeal. James v. County Commissioners, 24 N. M. 509, 174 Pac. 1001; Woods v. Fambrough, 24 N. M. 488, 174 Pac. 996.

For the reasons above stated, the court below erred in sustaining the demurrer to the amended complaint. The cause is therefore reversed and remanded, with instructions to overrule the demurrer to the complaint. and it is so ordered.

PARKER, C. J. and ROBERTS, J., concur.