EX PARTE JOHN RAY.

No. 5716. Decided February 4, 1920.

1.—Habeas Corpus—Bail—Deadly Weapon—Rule Stated.

While the burden of proof is on the State to show that the proof is evident that a capital offense has been committed before bail is denied, and that the instrument used is to be considered in determining the intent of the relator, yet in the instant case the facts were such that the court below correctly denied bail.

2.—Same—Express Malice—Rule Stated.

It is true that the express malice necessary to constitute murder of the first degree must be shown, and shown too as the result of a sedate, delib-

erate mind, and formed design to kill, but it does not follow because the killing may be the result of the prompt and speedy execution of a hasty or immediate resolution, that it may not have been done with express malice. Following: Gaitan v. State, 11 Texas Crim. App., 560.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Roby. B. Seay, judge.

Appeal from a *habeas corpus* proceeding denying bail in the case of murder.

The opinion states the case.

*Lee Perkinson, Mike T. Lively,* for relator.—Cited: Ex parte Evers, 29 Texas Crim. App., 539; Smith v. State, 23 id., 100; Ex parte Jones, 31 Texas Crim. Rep., 422; Ex parte Bramer, 37 id., 1; Ex parte Newman, 38 id., 164.

On question of deadly weapon: Danforth v. State, 44 Texas Crim. Rep., 105; Johnson v. State, 60 S. W. Rep., 48; Coker v. State, 59 Texas Crim. Rep., 241, 128 S. W. Rep. 137.

On question of malice: Smith v. State, 36 id., 569.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—This appellant filed his original application for a writ of *habeas corpus* in the Criminal District Court of Dallas County, seeking bail in a cause therein pending against him, in which he was charged by indictment with the murder of one Hugh Henry. Upon a hearing, the application was denied, and the relator remanded to the custody of the sheriff of Dallas County; from which judgment he has appealed to this court.

But two witnesses testified; one an eye-witness; the other the medical expert attendant upon deceased. The facts are before us without controversy. Their sufficiency to justify the conclusion arrived at by the court below is for our consideration.

The killing was done with a piece of metal water pipe two and one-half or three feet long, and weighing about two and one-half pounds, with which, held in both hands, the appellant struck one blow upon the back of the head of deceased, making a wound two and one-half or three inches long, and badly crushing the skull and brain substance underneath—a wound which the medical expert said, if inflicted on any man's head, would kill him.

We recognize that since the Newman case, 38 Texas Crim., Rep., 164, this Court has adhered to the rule that the burden is on the State to show by proof evident that a capital offense has been committed by an applicant for bail, before same is denied; and we have in mind the statutes and decisions cited by appellant, setting forth that the means and instrument used are to be considered in determining the intent of the user; and have fully noted the contention that the metal pipe used in the instant case was not a

deadly weapon, and that the record affords no proof of such fact.

We do not think the opinion of witnesses to the effect that this pipe was a deadly weapon, and one calculated by the manner of its use, to inflict death or serious bodily injury, would clarify that issue under the facts before us. With one blow of same, the skull of deceased was crushed, the bones broken into a number of fragments, and the brain beneath also crushed; and the expert says such a wound would kill any man.

This Court said in the Walters case, 37 Texas Crim. Rep., 388, that the deadly character of a weapon could be established by the injuries themselves; and in Ford's case, 64 Texas Crim. Rep., 18, again said: "When a person uses an instrument that any reasonable person knows that death may result from its use, and death does result, the law presumes that death was intended."

The testimony before us suggests neither self-defense nor manslaughter. A man walks along the street; another approaches him from behind; overtakes him; and without a word of warning, strikes his victim on the head with a metal pipe, held in both hands, inflicting a fatal blow; and then, when his victim collapses to the sidewalk, calmly walks away until the street corner is reached; then flees at full speed. We think the attendant circumstances amply sufficient to justify the conclusion that it was a killing upon express malice. As said by this Court in an opinion often cited with approval, in Gaitan's case, 11 Texas Crim. App., 560:

"It is true that the express malice necessary to constitute murder of the first degree must be shown, and shown too as the result of a sedate, deliberate mind and formed design to kill. 'But, as has been frequently held by this court (as was said in Farrer v. State), it does not follow, because the killing may be the result of the prompt and speedy execution of a hasty or immediate resolution, that it may not have been done with express malice. The law has no scales to measure the time in which a sedate, deliberate mind may reach a formed design to kill or to do some serious bodily injury which may probably result in death. When such design is once formed, the haste with which it is put in execution in no way affects or modifies the character of the act, or the degree of guilt thereby incurred. As the difference in the degree of murder does not result from the length of time taken to form the design, or the speed with which it is executed, but upon the state and condition of the mind in which the design is formed, it is obvious that it will often be difficult, in homicides without antecedent explanatory facts showing their true character, to determine to which class the particular case under consideration belongs. It is always to be borne in mind, however, whatever difficulty there may be in establishing the fact that the killing was with express malice, still it is incumbent upon the State to prove it before the accused be properly convicted of murder of the first degree. This may be done by proof of the cool,

calm and circumspect deportment and bearing of the party when the act is done, and immediate preceding and subsequent thereto; his apparent freedom from passion or excitement; the absence of any obvious or known cause to disturb his mind or arouse his passions; the nature and character of the act done, the instrument used as well as the manner in which the murder is committed."

We will not further comment upon the evidence, in view of the fact that the case ·will have to be tried in the court below.

Believing the trial court did not commit error, the judgment is affirmed.

*Affirmed.*