**Habeas corpus ⊂⊃89—Dismissed where applicant is admitted to bail pending hearing.**

Where, pending habeas corpus proceedings by one held in custody under a complaint charging him with murder to be released on bail, the applicant has been indicted for murder and admitted to bail, the habeas corpus proceeding will be dismissed on his motion.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Habeas corpus proceeding by Robert Beasley to procure release on bail. Appeal from denial of petition. Proceedings dismissed on applicant's motion.

R. H. Hamilton, Asst. Atty. Gen., for the State.

MORROW, P. J. This cause and No. 6523 involve the same matter, namely, the right of Robert Beasley to bail: he being held under a complaint charging him with murder. It has been made to appear by proper affidavit that subsequently appellant was charged with murder by indictment and admitted to bail. Upon his motion the proceedings in both cases are dismissed.

---

### Ex parte OATES (two cases).    (Nos. 6652, 6653.)

(Court of Criminal Appeals of Texas. Nov. 16, 1921.)

**Habeas corpus ⊂⊃87—Application dismissed when return shows relator was not in custody.**

An application for habeas corpus for the discharge of relator from illegal restraint in the custody of a sheriff will be denied and the proceedings dismissed, where the sheriff's return shows that relator was not in his custody.

Separate habeas corpus proceedings by C. J. Oates and Leland Oates to secure release from custody. Applications denied, and proceedings dismissed.

Burkett, Anderson & Orr, of Eastland, for applicants.

J. L. Goggans, City Atty., of Breckenridge, and R. G. Storey, Asst. Atty. Gen., for the State.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

LATTIMORE, J. This is an original application for a writ of habeas corpus in which relator sought to be released from the custody of the sheriff of Stephens county, alleging in his application illegal restraint, etc. A preliminary writ was granted and served upon said sheriff, by whose return it is made to appear that relator is not in his custody as alleged. In this condition of the record the ground of the application, to wit, illegal restraint, not existing, the application will be denied, and the proceedings dismissed.