Ex Parte Virginia Martin

No. 15073.   Delivered January 30, 1932.

The opinion states the case.

*Kirby, King & Overshiner* and *Letcher D. King,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an application for discharge by way of habeas corpus.

Upon application of the appellant, the district judge issued a writ of habeas corpus. It appears in the sheriff's answer that the appellant, Virginia Martin, charged by complaint with the offense of conspiracy to commit forgery, had, in the examining court of a magistrate, been held in bail in the sum of $1,000 to await the action of the grand jury. This appeal is from the order of the district judge refusing to discharge the appellant.

There was no evidence introduced upon the hearing of the habeas corpus save the commitment of the magistrate, which is as follows:

"THE STATE OF TEXAS.   To the Sheriff of Taylor County— GREETING:

"YOU ARE DIRECTED to Receive and place in jail of your county Virginia Martin, who will be delivered to you by Ben L. Peevey,

Deputy Sheriff of Taylor County, Texas. The said Virginia Martin is committed to jail by my order, sitting as an Examining Court, to answer the State of Texas before the District Court of Taylor County, Texas, at its next term, to be held in and for said Taylor County, at the Court House thereof, in the City of Abilene on the 1st Monday in January, A. D., 1932, same being the 4th day of January, A. D., 1932, for the offense of Conspiracy to Commit Forgery and that such conspiracy was with one J. C. Moore, alias John C. Morand, which is a felony, and you will safely keep the said Virginia Martin to await the order of said District Court..

"Bail has been granted the said Virginia Martin in the sum of One Thousand Dollars.

"WITNESS MY OFFICIAL SIGNATURE on this the 28th day of Nov. A. D., 1931.

"(s)   CARL P. HULSEY, J. P.
"Precinct 1."

The inquiry arises, did the commitment show probable cause for justifying the detention of the appellant, or was it incumbent upon the state to present evidence other than the commitment to show probable cause as that term is defined in article 158, C. C. P., 1925, which reads as follows: "Where, upon an examination under habeas corpus, it appears to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail."

Appellant contends that notwithstanding the commitment and the recitals therein, the burden rests upon the state to introduce other evidence sufficient to show probable cause for the detention of the accused. The procedure to be followed in habeas corpus matters calling in question the authority of the magistrate presiding in an examining court to require one accused by complaint to give bail or in lieu thereof to be imprisoned, has been a subject of much discussion by courts and text-writers. From Corpus Juris, vol. 29, page 63, the following quotation is taken: "Some cases have held that on habeas corpus the court cannot go behind the warrant of commitment and inquire into the question of reasonable or probable cause where such warrant is regular upon its face and is issued by a court of competent jurisdiction. But by the great weight of authority the court may inquire whether there is any legal evidence before the magistrate to support the commitment, that is, whether there is any evidence upon which the magistrate might reasonably find the existence of reasonable or probable cause for holding the prisoner for trial; if there is no such evidence the prisoner is entitled to be discharged."

In support of the text there are cited in the notes many decisions from the federal and state courts. Among the latter are Ex parte Champion, 52 Ala., 311; In re McMullin, 164 Cal., 504, 129 P., 773; Ex

parte Harfourd, 16 Fla., 283; Ex parte Baugh, 30 Idaho, 387, 184 P., 529; State v. Pfeifer, 109 Kan., 232, 198 P., 927; In re Snell, 31 Minn., 110, 16 N. W., 692; Ex parte Jackson (Miss.), 63 So., 571; In re Jones, 46 Mont., 122, 126 P., 929; Ex parte Parker, 11 Nebr., 309, 9 N. W., 33; People v. Moss, 187 N. Y., 410, 80 N. E., 383; State v. Beaverstad, 12 N. D., 527, 97 N. W., 548; In. re Hudleston, 12 Okla. Cr., 333, 156 P., 242; Ex parte West, 69 Or., 402, 139 P., 103.

In the case of State v. Ross, 39 N. D., 630, 170 N. W., 121, it is said in substance, that unless on the preliminary examination evidence is waived by the accused or there is some evidence produced at the hearing justifying the order of commitment, the magistrate is without jurisdiction to order the prisoner held or to demand bail.

On the subject of procedure, that is, the burden of proof, the precedents are meagre. In the case of Ex parte Villareal, 80 Texas Crim. Rep., 23, 187 S. W., 214 (a habeas corpus proceeding), the accused was held to answer a charge against him. Villareal was charged with a felony, not capital. In the examining court he waived the introduction of evidence. The magistrate fixed the amount of bail. Villareal executed the bond and was discharged. His application for discharge on a writ of habeas corpus was without merit. The writ is to relieve one who is in custody and is illegally restrained of his liberty. Villareal was not in custody and for that reason had no standing in the habeas corpus case. See Ex parte Chestnutt, 39 Texas Crim. Rep., 624, 47 S. W., 649; Ex parte Talbutt, 39 Texas Crim Rep., 12, 44 S. W., 832; Ex parte Erwin, 7 Texas App., 288; Ex parte Cole, 14 Texas App., 579; Ex parte Snyder, 39 Texas Crim. Rep., 120, 44 S. W., 1108; Ex parte Beasley, 90 Texas Crim. Rep., 169, 234 S. W., 675; Ex parte Oates, 90 Texas Crim. Rep., 284, 234 S. W., 675. See also Corpus Juris, vol. 29, page 22, sec. 14. Such was the law at the time of the decision in Villareal's case. However, by statute the law has been changed so that one appealing in a habeas corpus case may be admitted to bail. See Tex. Jr., vol. 5, p. 869, sec. 41; Acts of 40th Leg., Reg. Sess., p. 66, chap. 43. The relief sought by Villareal was also unavailable for the reason that he had waived the introduction of evidence in the examining court, thereby conceding that the facts justified his detention, and in the habeas corpus trial he introduced no evidence. The remarks in the opinion that "Had he required the introduction of evidence the state would have had to produce it, but this matter he waived," are deemed to refer to the examining trial and not to the habeas corpus trial. The language of the court in Villareal's case is not as clear as might be wished, and some of the expressions are unnecessary under the facts before the court. Some of the general remarks found in the opinion relate to matters of law not called in question by the facts before the court at that time.

In Church on Habeas Corpus, page 284, sec. 233, it is said: "When

it appears on the return that the prisoner is detained by virtue of any process, civil or criminal, from any court of competent jurisdiction, or issued by any officer in the course of judicial proceedings before him, authorized by law, and the process is regular and valid upon its face, the presumption will be in favor of the legality of such imprisonment; and the burden of impeaching its legality will be thrown upon the prisoner."

In section 234 of the same text it is said: "The decisions on this point may be divided into two classes, the last of which we shall consider in a subsequent section: 1. Those which hold that, upon a commitment regular and valid upon its face, the only open question before a court on the hearing of a return to a writ of habeas corpus is the jurisdiction of the committing magistrate; and, 2. Those which hold that not only the proceedings but the evidence taken before the committing magistrate may be examined, and the commitment revised if necessary, or a commitment made *de novo* by the court hearing the matter."

There being a demand of the law that the magistrate, sitting as an examining court, shall, as a predicate for holding the accused, either have his waiver of the introduction of evidence by the state or the introduction of such evidence as would warrant the magistrate in holding the accused, it would seem to follow that where the accused was held by the examining court and the commitment was silent touching the introduction of evidence, it must be presumed, in the absence of proof to the contrary, that the magistrate did not commit the accused without evidence sufficient to show probable cause.

In the case of State v. Jones, 113 N. C., 669, 18 S. E., 249, 22 L. R. A., 678, it was said: "Upon the return of the sheriff, it appeared that the petitioners were in custody upon a mittimus (which, indeed, was also set out in the application for habeas corpus), regular in every way, from a justice of the peace, for failure to give bond for their appearance at the next term of the superior court to answer a criminal charge of which that court had jurisdiction. Nothing else appearing, the detention was clearly legal. The court thereupon called upon the petitioners to show wherein it was illegal. They declined to furnish him any evidence, but contended that the burden was upon the State to show that they were lawfully in custody. The State had already done so. It was not called upon to go further till testimony to the contrary was offered. The sheriff knew probably nothing whatever of the detention except the mittimus. He was not called upon to bring up the witnesses, to show what they testified to, or to prove that the petitioners were guilty of the charge."

Whether in a given instance the commitment and the recitals therein would prima facie show probable cause, would depend in some degree upon the language used in the document. The mere fact that one is by complaint accused of crime creates no presumption of his guilt. Article 155, C. C. P., 1925. In the absence of recitals in the commitment indi-

cating a lack of jurisdiction or lack of probable cause, the commitment should be regarded as prima facie evidence that the magistrate was right in demanding that he accused either give bail or be imprisoned. What has just been said relates to an accusation of an offense less than capital. All cases are bailable except those in which a capital offense is charged, and such cases are bailable unless proof is evident, that is, of a nature which would probably bring from the jury the assessment. of the death penalty. In a capital case, therefore, even after indictment, the burden is upon the state to introduce evidence not only showing the accusation but the nature of the accusation bringing it within the exception mentioned. See Ex parte Newman, 38 Texas Crim. Rep., 164, 41 S. W., 628; Ex parte Ray, 86 Texas Crim. Rep., 582, 218 S. W., 504; Ex parte Townsley, 87 Texas Crim. Rep., 252, 220 S. W., 1092; Ex parte Guynn, 116 Texas Crim. Rep., 121, 32 S. W. (2d) 187.

As presented in the instant case, there being nothing by way of evidence adduced upon the habeas corpus trial nor by way of recital in the commitment impeaching the jurisdiction of the magistrate to hold the accused to await the action of the grand jury and to fix bail, it is not believed that the trial court was in error in refusing to discharge the appellant.

The judgment is affirmed..

*Affirmed.*