LOUIS WILSON v. THE STATE.

No. 23545. Delivered January 29, 1947.
Rehearing Denied March 26, 1947.

*Earl Shelton* and *Henry Houston Jones*, both of Austin, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Assault with intent to murder is the offense; the punishment, five years in the penitentiary.

The sole question presented for review is the sufficiency of the evidence to support the conviction.

Owens, the injured party, was ticket agent and in charge of the bus station at Elgin. About eleven o'clock on the morning of March 13, 1946, appellant, accompanied by his friend, Moore, went to the bus station and each purchased from Owens a bus ticket to Austin. Appellant walked over to and started to play a marble machine in the station when, according to the testimony of Owens, the following occurred:

"* * * I told him to leave the marble table alone, because we didn't let negroes play the marble table, and he turned back and said something, and I said, 'Boy, leave the table alone.' He came back and said, 'God damn it, I ain't no boy; I'm a man.' I was standing back of the counter, and, when he said that, I picked up a little billet about that long (indicating)—twelve or fourteen inches long, I guess. I said, 'Now, you boys can go back in the back and sit down, or get out.' I said, 'It don't make no difference to me, but you can go back and sit down where you belong, or get out,' and this Moore boy said, 'All right,' and

picked up a suitcase, and this boy was on the other side of Moore; I couldn't see where he was—I wasn't looking to see what he was doing. When Moore walked by me, this boy jumped at me with the knife; and, when he jumped at me with the knife, then Moore held the stick, and he cut me; I think it was six or seven places on my arm and back and leg, and finally, I got the stick away from Moore and got this boy kind o' choked down, and then the people came in from the garage on the other side, and they broke and ran, and they took me to the hospital."

The knife with which the injuries were inflicted was a pocket-knife with a two-inch blade.

Dr. Fleming, the attending physician, described the wounds and Owens' condition, as follows:

"I had occasion to treat Mr. Ned Owens on March 13, 1946, for knife wounds. He had three or four lacerations, one in the left arm, about here, which was pretty deep (indicating location), about the length of an ordinary knife blade, and he had a long cut across the shoulder and he had one stab wound in the shoulder and another one in the chest and another deep wound in the thigh. Some of them weren't very deep; the knife hit at an angle and undermined the skin, but it didn't go down into the meat. They were not bad wounds, but it so happened that the knife went in at an angle and just undermined the skin, and we cleaned up all the wounds and sutured them and dressed them and they healed without any complications. By suture, is meant stitches. Well, I don't remember, * * * but I imagine it was thirty or forty or maybe fifty stitches Mr. Owens had. Some of the wounds were not very deep; they went in at a kind of an angle. Whether they were more painful than dangerous—yes, sir; they were painful and he lost quite a bit of blood through them. The wounds were of such a nature that he could have lost a very dangerous amount of blood if he hadn't had immediate medical attention."

The state failed to make the ordinary proof, which should have been done by the physician, that the knife in question from the manner used might have produced death. This failure on the part of the state to make the available proof raises a question, seriously presented in this court, as to the sufficiency of the evidence. The question has been before us under many and varied circumstances. It appears that there is some confusion about what is meant in discussing the "nature" of the wounds inflicted. Apparently some writers have the view that only the

extent of the wound is considered, and that to support a verdict where the wound is inflicted and proof is not made that the weapon used was a deadly weapon that proof must show that the extent of the wound shows it to be dangerous. We think that the location of the wound is a factor to be considered. A lesser wound located about the heart would be much more dangerous, in all probability, than a large wound on the limbs. It would serve to indicate the intention of the accused more forcefully than at some other location. Thomas v. State, 72 S. W. 178; Walters v. State, 35 S. W. 652.

From the Thomas case we quote: "They were aimed at a vital part of prosecutor, and, although the evidence does not inform us of the size of the knife, we can judge of the deadly character of the instrument from other circumstances in the case. In Walters v. State (Tex. Cr. App.) 35 S. W. 652, there was no proof of the character of the knife; but, looking to the grievous character of the wounds, and where they were inflicted, it was held that the proof was sufficient to show the weapon was a deadly one."

Touching the sufficiency of the evidence to show intent, where the instrument used is not a deadly weapon, we quote from Ammann v. State, 165 S. W. (2d) 744.

"If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument used was not a deadly weapon."

Again, from Trimble v. State, 190 S. W. (2d) 123:

"If the weapon or instrument used in the commission of the assault is per se a deadly weapon or one likely to produce death from the manner in which it is used, it would justify the conclusion that the accused intended to commit murder; or where the instrument used was not a deadly weapon, but from the manner of its use and the nature of the wounds inflicted it is apparent that such was the intent, the evidence is deemed to be sufficient."

Considering the evidence of Dr. Fleming, that some of the wounds were deep, all but one were in and about the most vital part of the body, we think the jury had a right to conclude from

the location and description of such wounds that appellant intended to kill Owens, and we are not willing to disturb their verdict, even though the victim was confined in the hospital for only one day. The manner of the attack was before the jury, the nature and extent of the wounds were described and upon these facts the jury returned their verdict.

The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we erred in holding the facts sufficient to support the conviction.

The facts have been again examined. We remain convinced that a correct conclusion was reached originally. It would serve no useful purpose to write further.

The motion for rehearing is overruled.

HAWKINS, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.