## WATSON v. TAMEZ et ux.

### No. 10675.

Court of Civil Appeals of Texas. San Antonio.

Jan. 31, 1940.

Cecil R. Fulton, of McAllen, for appellant.

No attorney represented appellees.

NORVELL, Justice.

This is an action of trespass to try title brought by appellant, Watson, against

Claudio Tamez and wife, appellees, for the recovery of lot 3, block 8, of the City of Donna, in Hidalgo County, and, in the alternative, seeking judgment for the amount of money paid by him at a sale of the property resulting from the foreclosure of a tax lien against the property. Appellees filed a plea of not guilty and the case was tried by the court without a jury. Judgment was rendered for appellees and Watson has appealed.

No findings of fact or conclusions of law were requested of the trial court, and appellees filed no brief in this court.

Appellant first contends that under the evidence he was entitled to judgment for the real property involved.

A common source of title was established and appellant introduced in evidence a judgment rendered against appellee, Claudio Tamez, foreclosing a tax lien against the property, as well as a sheriff's deed purporting to convey the property to appellant. The order of sale was not introduced but a predicate was laid for the proof of the contents thereof by secondary evidence, as the district clerk testified that the original papers, including the order of sale in the tax lien foreclosure case, had been lost and had not been found after diligent search. It appears that the tax judgment was rendered in 1929, and the clerk also testified that during that year "no order of sale or execution docket was ever kept of the tax suits."

Appellant testified that at the time of the tax sale in question the sheriff had an order of sale in his hand, which he read. The only testimony of appellant that can be considered as relating, even remotely, to the contents of the order of sale was the following question and answer: "Q. Was that an order of sale commanding him (the sheriff) to sell this piece of property in question? A. It was; yes, sir."

The answer of the witness was clearly a conclusion of law, without probative force, even though no objection was made thereto. Webb v. Reynolds, Tex. Com.App., 207 S.W. 914.

Appellant concedes that it was incumbent upon him to prove "the order of sale or existence of the sheriff's authority to sell." Richards v. Rule, Tex. Com.App., 207 S.W. 912. This burden must be met by the introduction of competent primary or secondary evidence. Mere conclusions will not suffice, and the recitations in the sheriff's deed are incompetent for the purpose of showing the authority of the officer making the sale. Richards v. Rule, supra.

The loss of the original papers in the tax foreclosure proceedings probably worked a hardship upon appellant. Considering the lapse of time involved, the production of competent secondary evidence of the contents of the lost order of sale is difficult, if not impossible, in a practical sense. Because of this hardship, we cannot, however, presume that the sheriff was legally authorized to make the tax foreclosure sale here involved. We, therefore, hold that appellant failed to meet the burden of proving his title by competent evidence, and the trial court's action denying him a recovery of the land involved was correct.

Appellant next contends, in the alternative, that he is entitled to judgment for the amount of money paid by him at the tax sale. In his alternative count appellant pleaded facts which, if true, show a valid tax foreclosure sale, but says, if the court believes he is not entitled to the property, then he is entitled to judgment for the amount of money paid. Obviously, if the sale were valid, appellant is not entitled to the recovery of the money, but would be entitled to the property. If the sale were invalid in certain particulars and under certain circumstances, he might be entitled to a money recovery. That particular question is not before us. However, a finding that the tax sale involved was invalid is necessary to support a money recovery. The appellant by his pleadings in the second count, in effect, left the question of the validity of the tax sale to the determination of the trial court upon its consideration of the trespass to try title count. From what has been said with reference to that count it will be seen that the competent evidence before the court was insufficient to establish a valid tax sale. It was also insufficient to establish the converse, that is, the invalidity of the sale. Appellant's alternative count therefore falls. The mere fact that a party pays money upon the purchase of property at a tax sale does not entitle him to a recovery of the amount paid, when years later he is unsuccessful in an attempt to establish his title in an action of trespass to try title. American Realty Corporation v. Tinkler, Tex.Civ.App., 107 S.W.2d 627.

The judgment of the trial court is affirmed.