

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS      AUSTIN 11, TEXAS

~~XXXXXXXXX~~
~~WILL WILSON~~
**ATTORNEY GENERAL**

Honorable B. Jay Jackson
County Attorney
Hood County
Granbury, Texas

Dear Sir:              Opinion No. O-6841
                  Re: Proper procedure for clearing
                      title to property purchased from
                      the State four years after the
                      State's purchase at a delinquent
                      tax foreclosure sale when said
                      property is now occupied by a
                      "squatter".

       We have your request for an opinion from which we
quote:

       "Under a Judgment out of the District Court
of Hood County, Texas, at Tax suit, an Order of
Sale was issued - in 1939 - the property sold at
such sale to one of the taxing units -Hood County.

       "Then, under Order of the County Judge, the
same property was duly advertised and sold at pub-
lic outcry - second sale - about 4 years after the
date of first sale. A local citizen bid this prop-
erty in and paid his money therefor, but finds a
party - not defendant in judgment occupying - mere-
ly a 'Squatter'. Now, is the present purchaser en-
titled to a writ of Possession by virtue of the
Original Tax Judgment provision, or shall he be
required to bring an action of Forcible entry and
detainer and obtain his Writ of Possession through
the Justice Court?

       "In the event he obtains a Writ of Posses-
sion out of the District Court is it the duty,
expense and obligation of the Taxing Unit that
sold this property - Second sale, to bear such
obligation, or shall the late purchaser be re-
quired to pay same?"

       From the above it would appear that everything in the
proceeding is regular until the purchaser finds the "Squatter"
occupying the premises.

Both of your questions pertain to the same matter and that is -- how to get the "Squatter" off the premises, and at whose expense? We will treat both questions as one, therefore.

Section 6 of Article 7345b, Vernon's Annotated Civil Statutes, provides:

"All court costs, including cost of serving process, in any suit hereafter brought by or in behalf of any taxing unit for delinquent taxes .......... shall be chargeable as court costs."

Article 7332 fixes the fees of officers in delinquent tax suits and Article 7333, of the Revised Civil Statutes, provides for taxing of costs and reads as follows:

"In each case such fees shall be taxes as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor."

Article 7328, V.A.C.S., provides:

"All sales contemplated herein shall be made in the manner prescribed for the sale of real estate under execution."

Section 7 of Article 7345b, V.A.C.S., reads as follows:

"In the case of foreclosure, an order of sale shall issue, and, except as herein otherwise provided, the land shall be sold thereunder as in other cases of foreclosure of tax liens."

Article 7330, V.A.C.S., reads as follows:

"In all cases in which lands have been sold, or may be sold, for default in the payment of taxes, the sheriff selling the same, or any of his successors in office, shall make a deed or deeds to the purchaser or to any other person to whom the purchaser may direct the deed to be made, . . ."

Article 3816, Revised Civil Statutes, reads as follows:

"When a sale has been made and the terms
thereof complied with, the officer shall execute
and deliver to the purchaser a conveyance of <u>all
the right, title, interest and claim</u> which the
defendant in execution had in and to the property
sold."

In sales of real property under judgment of fore-
closure of delinquent tax liens these three articles apply
conjunctively to the making of the conveyance (deed) to the
purchaser, and the officer can only convey all right, title,
interest and claim which the defendant in execution (order of
sale) had in and to the property sold.  In the case of Logan
v. Stevens County, (C.A. 1904) 81 S. W. 109, affirmed by the
Supreme Court, 98 Tex. 283, 83 S.W. 365, speaking of warranty
by an officer the Court said:

"It necessarily follows that the Court properly
denied Appellant's relief upon the asserted warranty.
For, pretermitting the question as to whether, in the
absence of express authority, E. L. Walker would be
empowered to make a covenant of warranty, there was
no such covenant in this case; there being no author-
ity for the execution of the deed which contained it."

In Houston Oil Company of Texas v. Niles, 255 S.W. 604
(Com. App. 1923) Rev. (C.A. 1916), Niles v. Houston Oil Company
of Texas, 191 S.W. 748, our Supreme Court said:

"A deed of 'all the right, title, interest, and
claim which we have in and to' certain land, which
undertaking to warrant and defend all such right,
title and interest, is a quitclaim."

Section 8 of Article 7345b reads as follows:

". . . The net proceeds of any sale of such
property made under decree of court in said suit
to any party other than any such taxing unit <u>shall
belong to and be distributed to all taxing units
which are parties to the suit</u> which by the judgment
in said suit have been found to have tax liens
against such property, pro rata and in proportion
to the amounts of their respective tax liens as
established in said judgment, <u>but any excess in
the proceeds of sale over and above the amount
necessary to defray the cost of suit and sale and
other expenses hereinabove</u> made chargeable against
said property, <u>shall be paid to the parties legally
entitled to such excess.</u>"  (Underscoring ours)

Section 9 of Article 7345b, V.A.C.S., reads as follows:

"If the property be sold to any taxing unit
. . . costs and expenses shall not be payable until
sale by such taxing unit so purchasing same. . .;
and when such property is sold by the taxing unit
purchasing the same, the proceeds thereof shall be
received by it for account of itself and all other
said taxing units adjudged in said suit to have a
tax liens against said property, and after paying
all costs and expenses, shall be distributed among
such taxing units pro rata and in proportion to the
amount of their tax lien against said property as
established in said judgment. . . . ."

Section 10 of said Article 7345b, V.A.C.S., reads as
follows:

"The purchaser of property sold for taxes in
such foreclosure suit shall take title free and
clear of all liens and claims for taxes against
such property delinquent at the time of judgment
in said suit to any taxing unit which was a party
to said suit or which had been served with cita-
tion in said suit as required by this Act. (Under
scoring ours)

Section 12, Article 7345b, V.A.C.S., reads as fol-
lows:

"In all suits heretofore or hereafter
filed to collect delinquent taxes against pro-
perty, judgment in said suit shall provide for
issuance of writ of possession within twenty (20)
days after the period of redemption shall have
expired to the purchaser at foreclosure sale or
his assigns; . . . . ."

While said Section 12 of said Article above-mentioned
provides "in all suits . . . judgment . . . shall provide for
issuance of writ of possession," the writ of possession cannot
issue now in favor of the assignee because Section 8 of said
Article provides that "the net proceeds of any sale of such
property made under a decree of court in said suit to any party
other than such taxing unit shall belong and be distributed to
all taxing units which are parties to the suit", etc. ANd it
further procides that "any excess in the proceeds of sale over
and above the amount necessary to defray the cost of suit and
sale and other expenses hereinabove made chargeable against
such proceeds, and to fully discharge the judgment against

said property, shall be paid to the parties legally entitled to such excess." (Underscoring ours)

In the case of Watson v. Tamez, 136 S. W. (2d) 645, after appellant failed to recover real property in trespass to try title suit and attempted to recover money paid upon purchase of property at the tax sale, the court held:

"The mere fact that a party pays money upon the purchase of property at a tax sale does not entitle him to a recovery of the amount paid, when years later he is unsuccessful in an attempt to establish his title in an action of trespass to try title. American Realty Corp. v. Tinkler, T. C. S. 107, S.W. (2d) 627."

Now in view of the statutory provisions hereinabove set out the same having been fully complied with, and the decisions, it is the opinion of this department that the county cannot be required nor would it have any authority to expend any money to pay the cost of removing the "squatter" from the premises and that it is altogether an issue to be settled between the purchaser and the "squatter", neither of whom were parties to the suit in which the foreclosure was had, and there is no provision of law to make them parties thereto now as it is finally concluded and closed.

Trusting this fully answers your questions, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Jos. V. Frnka
Jos. V. Frnka
Assistant

JVF:fb:wc


APPROVED OCT. 20, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman