James (Jay) L. HANEY et al., Appellants,

v.

J. Leon HENRY, Appellee.

No. 6717.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 25, 1957.

Bradbury, Tippen & Brown, Sayles & Sayles, Grisham & Jeffrey, Abilene, for appellants.

Treadaway & Blumrosen, Lubbock, for appellee.

CHAPMAN, Justice.

J. Leon Henry d/b/a Henry Electric of Lubbock County, Texas, filed suit in said county against James (Jay) L. Haney, whose residence was alleged to be in the same county; Jack Boles of Taylor County, Texas; Big State Baseball League, an Incorporated Association authorized to do business in Texas, whose president is Hal Sayles of Abilene, Taylor County, Texas; and P. B. Odom Construction Company, a corporation, whose president is P. B. Odom Jr. of Oklahoma City, Oklahoma.

James (Jay) L. Haney, Jack Boles, and Big State Baseball League, in due time, filed their pleas of privilege, Haney alleging his

residence to be Dallas, Dallas County, Texas, and Boles and Big State Baseball League through its president Hal Sayles, alleging their residence to be Abilene, Taylor County, Texas. Defendant P. B. Odom Construction Company did not file a plea of privilege.

Appellee alleged his cause of action upon a verified, itemized statement of account for labor performed and various items of goods, wares and merchandise which "were of the agreed and reasonable value of the amount set forth;" that at the beginning of the 1956 baseball season Haney was the owner and/or operator of the Lubbock Baseball Club, leasing the property known as Odom Park, on which Haney as owner and operator of said club contracted for the materials and services for the benefit and improvement of the baseball park; that the said baseball club was a member of the Big State Baseball League and had as its home field Odom Park in Lubbock, Texas; that about July 1, 1956, "in some manner unknown to this plaintiff and unknown to anyone within this plaintiff's knowledge except the defendants, James (Jay) L. Haney, Jack Boles and Hal Sayles, president of Big State Baseball League, the Lubbock Baseball Club moved all its assets from Lubbock, Texas, to Texas City, Texas; that it was announced to the public that James (Jay) L. Haney was no longer the owner and/or operator of the baseball club but that Jack Boles was the new owner and/or operator of the same.

"That this change and/or ownership of the Lubbock Baseball Club (including all assets) was done with the knowledge and consent of the Big State Baseball League and more especially Hal Sayles, its president.

"That by taking all of the assets of the Lubbock Baseball Club and moving the same to Texas City, Texas, thereby deriving and reaping all of the benefits from said baseball club the defendants, Jack Boles, and Big State Baseball League either and/or impliedly assumed all of the debts and obligations of James (Jay) L. Haney d/b/a Lubbock Baseball Club, and thereby became bound to pay this plaintiff the sum of \$480.03." Appellee further alleged demand and nonpayment and in the alternative allegations for a statutory and constitutional lien on the real property known as Odom Park.

Appellee filed, in due time, a controverting affidavit to each plea of privilege and alleged Lubbock County as the place of venue for this action under both Exceptions 4 and 29a of Art. 1995 Vernon's Ann. Tex.St. None of the pleas of privilege denied under oath that the account constituting the basis of appellee's action and supported by his affidavit was not just.

The hearing on the pleas of privilege were tried to the court and from the court's judgment overruling all of them appellants have perfected their appeal to this court.

■ A plaintiff who wishes to maintain venue under Subdivision 4 must first prove that one defendant resides in the county where he is attempting to hold venue and that he has a cause of action against said defendant. Certainly the law is clear as to this burden on the part of appellee. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Since Subdivision 4 is one of the exceptions of Art. 1995 relied on by appellee and since Haney was the only defendant whose residence was alleged to be in Lubbock County, we must first look to the questions of whether appellee discharged the burden of showing a cause of action against Haney and that his residence was in Lubbock County.

■ Under the pleadings above outlined we hold they alleged a cause of action against Haney. The next question then presents itself as to whether that cause of action was proved. Appellee offered in evidence and the court admitted his sworn petition and verified, itemized account, all defendant's answers and all pleas of privilege. Big State Baseball League objected for the alleged reason that they were not the best evidence and not sufficient to prove

any fact necessary to venue. Boles made the same objection and Haney objected only to the introduction of his original answer for the reason that it would have no place in the case as long as the plea of privilege is before the court. The record before us shows no objections by Haney to the introduction of any of the instruments above named except his original answer. Under this state of the record there could be no question but that all instruments were properly before the court as evidence against Haney without objection except as to his original answer. It is our opinion that the court was correct in admitting all the instruments over the particular objection made by all parties. Since we have already said the pleadings alleged a cause of action against Haney it naturally follows that with the pleadings in evidence the burden of proving the case against him was established unless there was something in the pleas of privilege and answers of defendants to rebut said pleadings. The pleas of privilege were regular statutory pleas and were not sufficient to constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93. Additionally, none of the answers of defendants included any denials under oath.

■ Under Subdivision 4 "the plaintiff establishes his right to maintain venue where laid, by alleging a joint cause of action against the two defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits, and by the proof afforded by the petition that such is the nature of the suit, and by proving, by independent evidence, that the defendant alleged to reside in the county where suit is pending in fact resides in said county and the further fact that the plaintiff has a cause of action as alleged against the resident defendant." Stockyards National Bank v. Maples, 95 S.W.2d 1300, 1304.

■■ Appellee having alleged his cause of action upon a verified, itemized statement of account which appears to be in all respects of proper form and substance and appellants, having failed to deny that such claim is not just or true, in whole or in part, it must be taken as prima facie evidence. Rule 185 Texas Rules of Civil Procedure; Glasco v. Frazer, Tex.Civ.App., 225 S.W.2d 633. Under our statutes and rules certain facts will be taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in such plea. Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758.

Since we have held the appellee alleged a cause of action against Haney and that cause of action was proved it now becomes necessary to determine the residence of Haney for the purpose of this action.

■ It is the situation that obtains at the time the case is filed that controls the venue issue. Tex.Jur. Venue, Vol. 43B, Page 134, Sec. 20; Wood v. Texas & P. Ry. Co., Tex.Civ.App., 213 S.W.2d 101.

■ Appellee's suit was filed on October 18, 1956. The testimony is uncontradicted that Haney had been living in Lubbock in 1956 with his family in a home owned by him, that he had claimed said home as his homestead for the purpose of tax exemption in 1956 and had not completed the move of his family and furniture to Dallas by that date. We believe the testimony taken in the light most favorable to Haney would indicate he was only in the process of moving at the time the suit was filed. As was said in R. R. Brown v. Boulden, 18 Tex. 431, 432 and approved in Eppenauer v. Schrup, Tex.Civ.App., 121 S.W.2d 473, 477: "If a defendant has a known residence, he must be sued in the county of his residence. But if he is in the act of removing from one county to anoth-

er, and his affairs are in such a state, that it can not be certainly known in which county his residence in fact is, we think it may be held, consistently with the legislative intention, that the suit may be brought in either county." So, it is our opinion that the court below was correct in holding venue as to appellant, James (Jay) L. Haney was properly in Lubbock County. Appellants' points one and six are overruled.

■ Appellee, having brought himself within Sec. 4 of Art. 1995, as to Haney it becomes necessary to see if he discharged the burden required to hold venue against the pleas of privilege of Jack Boles and Big State Baseball League. As we view the case appellee alleged a joint cause of action against Haney, Big State Baseball League and Jack Boles, or at least a cause of action against Haney so intimately connected with the cause of action alleged against the other defendants claiming their pleas of privilege that they may be joined under the rule intended to avoid a multiplicity of suits, and that he proved by sufficient independent evidence that Haney resided in Lubbock County for the purpose of this suit and that appellee has a cause of action against him, as alleged in his sworn petition and verified, itemized statement of account.

■ By deposition Haney testified his residence at the time the suit was filed was Dallas County. He asserts, by brief, that appellee, having introduced the deposition, is bound by his (Haney's) statement of his residence. We cannot agree with this contention. Such statement would be only a conclusion of law without probative force even had no objection been made thereto. Watson v. Tamez, Tex.Civ.App., 136 S.W. 2d 645; Webb v. Reynolds, Tex.Com.App., 207 S.W. 914.

We hold appellee discharged the burden required under Subdivision 4 of Art. 1995 such as to entitle him to hold venue against all parties in Lubbock County. He also relied on Exception 29a.

■ Quoting again from Ladner v. Reliance Corporation, supra [293 S.W.2d 763], "Subdivision 29a was enacted for the benefit of the plaintiff to enable him to bring suit in any county where the same may be maintained against at least one defendant under any other Exception to Art. 1995, and to obtain the full relief to which he may be entitled in that suit."

Again from the same case, "Exception 29a is one which is never considered alone, but always in conjunction with some other subdivision of the statute."

■ In the very late Supreme Court case just quoted from Judge Walker of that court has spelled out what is necessary to bring a plaintiff within this exception by saying, "A plaintiff who relies upon this exception must therefore allege and prove: (1) the venue facts which show that the suit is maintainable where brought against at least one defendant under another subdivision of the statute, and (2) that the remaining defendants, whom he seeks to hold under Subdivision 29a, are necessary parties to the suit within the meaning of that subdivision." We have already held he complied with number (1) above. So, the next questions that present themselves are whether the other parties are necessary parties within the meaning of this subdivision and if appellee established such fact.

■ Every person whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county is a necessary party within the meaning of Subdivision 29a. Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758 and the cases cited under such statement. We believe appellee's pleadings bring him within this rule also and that his pleadings and proof were sufficient to also hold venue against all parties in Lubbock County under Subdivision 29a of Art. 1995.

Accordingly, the judgment of the court below in denying all pleas of privilege is affirmed.